MARÍA HORNES, demandante y apelada, *v.* JUAN ÁNGEL GIUSTI, demandado y apelante.

No. 6933.—*Sometido:* Febrero 12, 1935. *Resuelto:* Marzo 15, 1935.

*L. Feliú y Edelmiro Martínez Rivera,* abogados del apelante; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

María Hornes, en agosto 9, 1934, radicó en la Corte de Distrito de San Juan, una demanda contra su esposo Juan Ángel Giusti en reclamación de una pensión alimenticia de setenta y cinco dólares mensuales, presentando además una moción en solicitud de la misma pensión como alimentos provisionales mientras el pleito se sustanciaba y decidía definitivamente.

En lo que respecta a la demanda, fué emplazado el demandado de conformidad con lo prescrito en el Código de Enjuiciamiento Civil y en cuanto a la moción, se tramitó la so-

licitud de acuerdo con las reglas fijadas para el juicio de desahucio. Contestó la demanda el demandado. Se celebró la primera comparecencia. El 11 de octubre de 1934 se practicó conjuntamente la prueba—segunda comparecencia y vista del caso en su fondo—fundiéndose desde entonces ambos procedimientos en uno. Y el 10 de noviembre siguiente la corte dictó sentencia en los siguientes términos: ''. . . se condena al demandado a pagar a la demandante por vía de alimentos, la cantidad de $75, debiendo hacer el primer pago durante los primeros cinco días del mes de diciembre próximo, y así sucesivamente durante los primeros cinco días de cada mes subsiguiente. En cuanto a los alimentos devengados desde la radicación de la demanda, agosto 9 de 1934, hasta esta fecha, deberán satisfacerse en la misma proporción a razón de $75 mensuales.''

Notificada la sentencia al demandado en noviembre 15, 1934, apeló de ella en noviembre 20 y en diciembre 7 siguiente consignó en la secretaría de la corte trescientos setenta y cinco dólares para pagar los alimentos desde agosto 9, 1934, consignando luego, en febrero 4, 1935, setenta y cinco dólares más. La apelación interpuesta quedó perfeccionada al archivarse en esta corte el 6 de febrero último el legajo de la sentencia y la transcripción de evidencia.

Así las cosas, se ha pedido la desestimación del recurso por la parte apelada basándose en que la parte apelante no ha satisfecho por mensualidades anticipadas la pensión, ni ha depositado su importe en la corte de distrito, dejando de tal modo de cumplir con lo dispuesto en el artículo 634 del Código de Enjuiciamiento Civil, Ed. 1933, falta de cumplimiento que, según la apelada, lleva consigo la pérdida del recurso.

La parte apelante se ha opuesto a la desestimación, alegando que la acción no se tramitó por las reglas fijadas para el juicio de desahucio; que las consignaciones que ha hecho en la secretaría de la corte sentenciadora lo han sido sólo por evadir una condena por desacato; que la apelación está perfeccionada y en ella levantará varias importantes cuestiones

que apunta y que la apelación establecida ha producido el efecto de suspender la ejecución de la sentencia apelada.

La cuestión envuelta es nueva. El artículo 84 de la Ley sobre procedimientos legales especiales de 1905, hoy el artículo 618 del Código de Enjuiciamiento Civil, ed. 1933, dispone:

"Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Contra la sentencia que se dicte en esta clase de juicio se podrá utilizar el recurso de apelación, sin que ésta obstaculice la ejecución de aquélla."

Aquí la propia demandante se apartó de la regla y estableció una demanda ordinaria. Fué dentro del pleito que, por moción, pidió alimentos provisionales. Luego la realidad se impuso y todo quedó fundido en una sola reclamación, surgiendo una situación parecida a la del caso de *Sacarello* v. *Rubio,* 44 D.P.R. 883, 886, en el que esta Corte dijo:

"Conocemos lo ocurrido. Se archivó una demanda y el demandado la excepcionó y contestó, sometiéndose a la jurisdicción de la corte. Se inició el pleito por la vía ordinaria, pero antes del juicio se le llevó a los trámites del desahucio, señalándose la primera comparecencia a la que concurrieron las partes y formularon su prueba.

"A nuestro juicio no existió error. Lo que las partes y la corte hicieron fué ajustar la tramitación del asunto a lo que prescribe el Título VII, Capítulo único, Alimentos Provisionales, Artículo 84 de la Ley de Procedimientos Legales Especiales de 1905, a saber: 'Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio.'

"La circunstancia de que el título del pleito fuera el de 'Alimentos Permanentes', no era un obstáculo. El título no cambia la naturaleza de la cosa. Y la naturaleza de los alimentos es siempre provisional o transitoria, mientras subsiste la situación que lleva a la corte a concederlos."

Puede, pues, partirse de la base de encontrarnos frente a una reclamación de alimentos tramitada finalmente de acuerdo con la ley de desahucio. Y la apelada sostiene que siendo ello así, rigen para el recurso interpuesto las reglas que con-

tiene la sección 12 de dicha ley que es hoy el artículo 631 del Código de Enjuiciamiento Civil, ed. 1933, que dice:

"No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

No hay duda alguna de que si el artículo 631 fuera aplicable, debería desestimarse el recurso, porque la consignación de las pensiones se hizo fuera de término. Pero no lo es, a nuestro juicio.

Si nos fijamos en lo prescrito en el artículo 84 de la ley de procedimientos legales especiales, veremos que abarca dos extremos. Por el primero ordena que toda reclamación sobre alimentos se tramitará en la forma prescrita para el juicio de desahucio. Por el segundo autoriza la apelación sin que ésta obstaculice la ejecución de la sentencia. Es para la primera instancia que rigen las reglas del desahucio. La apelación se otorga expresamente, con una condición especial, el no obstáculo de la ejecución de la sentencia que se apele. Cuando el legislador fijó las reglas que contiene la sección 12 de la ley de desahucio, su mente estaba enteramente fija en casos de desahucio. Cuando se ocupó de casos de alimentos, pensó que las reglas rápidas del juicio de desahucio podrían serle aplicables y así lo dispuso, pero ordenó algo especial en cuanto a la apelación. Si su intención hubiera sido que las disposiciones de la ley de desahucio relativas a la segunda instancia les fueran también aplicables, nada hubiera dicho con respecto a apelación.

La totalidad de lo dispuesto en la sección 84 de la ley, artículo 618 del Código, demuestra que el legislador tuvo muy en cuenta lo urgentes que son las cuestiones relativas a alimentos. Garantizó un procedimiento rápido para ventilarlas en primera instancia y si bien permitió apelar de las sentencias resolviéndolas, dispuso expresamente que el recurso no obstaculizaría la ejecución de la sentencia. Ésta puede y debe cumplirse no obstante la apelación. La pensión que se fije debe satisfacerse inmediatamente, pudiendo la corte castigar por desacato a la parte obligada a prestarla, si se niega a ello voluntaria y obstinadamente. *Villa* v. *Corte,* 45 D. P.R. 879.

Ni las partes han citado ni hemos podido nosotros encontrar decisión alguna nuestra que resuelva de modo terminante la cuestión planteada, pero parece conveniente referirnos al caso de *Puigdoller* v. *Monroig,* 14 D.P.R. 782, 784, en el que hablando por la corte su Juez Asociado Sr. Wolf se expresó así:

"El artículo 84 de la ley de procedimientos especiales, de marzo 9, 1905, prescribe que toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Entendemos que esto significa que dicha acción en su principio y presentación de pruebas debe regirse tan estrictamente como posible sea por las reglas establecidas para la acción de dasahucio, y lo demás prescrito en los artículos 6 y 7 de la ley referente a desahucio. (Leyes de Puerto Rico, 1905, p. 184)."

*No ha lugar a la desestimación solicitada.*