Rafael Pirazzi, peticionario y apelado, *v.* Marcos Vecchini Battisti y Josefina Peré Westein, née Josefina Pirazzi, demandados y apelante la última.

No. 7055.—*Sometido:* Junio 17, 1935. *Resuelto:* Junio 21, 1935.

*Alberto S. Poventud,* abogado de la apelante; *Edelmiro Martínez Rivera,* abogado del apelado; *C. Olivieri,* abogado del demandado Sr. Vecchini.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En el presente caso se reclaman alimentos provisionales. El pleito fué tramitado en la corte inferior en la forma prescrita para el juicio de desahucio. La primera y segunda comparecencias tuvieron lugar los días 25 y 26 de marzo de 1935. Se dictó sentencia en 9 de abril de 1935, concediendo al demandante cierta suma en concepto de alimentos. Se promovió recurso de apelación en 3 de mayo de 1935, y se solicita por el demandante apelado la desestimación de dicho recurso porque el mismo debió entablarse dentro de los cinco días de notificada la sentencia, de acuerdo con el artículo 11 de la "Ley estableciendo el procedimiento para el desahucio y fijando reglas para apelaciones en esta clase de juicios", que es hoy el artículo 630 del Código de Enjuiciamiento Civil, edición de 1933.

La parte apelante sostiene que siendo ésta una reclamación de alimentos a la que solamente en primera instancia se aplican las reglas especialmente estatuídas para el procedimiento de desahucio, la sentencia dictada en este caso es apelable dentro del término de treinta días, de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil.

Dispone la ley que toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Contra la sentencia que se dicte podrá apelarse, sin que la apelación obstaculice la ejecución de dicha sentencia.

Cualquier reclamación de alimentos provisionales demanda acción inmediata. Es por la urgencia del caso que la ley prescribe un procedimiento breve y sumario para los trámites de una reclamación que tiene carácter perentorio y que debe resolverse rápidamente, porque así lo exige la necesidad imperiosa de conservar la vida. La ley ampara y garantiza los derechos de una y otra parte; pero el procedimiento sumario se decreta más bien para beneficio de la persona que solicita los alimentos, que es la que en realidad tiene verdadera urgencia en una rápida solución del caso. La ley fija el mismo procedimiento para los alimentos provisionales que para el desahucio; pero cuando se promueve recurso de apelación se establece una notable diferencia, porque en los casos de desahucio se suspende la sentencia, y en los de alimentos provisionales el fallo del tribunal inferior es ejecutorio aunque se haya interpuesto recurso de apelación. Se explica que la ley acelere la interposición del recurso de apelación en un procedimiento de desahucio, porque, no siendo ejecutoria la sentencia después de apelada, surge la necesidad de acortar los términos para hacer más rápida la tramitación del procedimiento. No resulta así en una acción sobre alimentos provisionales, porque la persona que obtiene esos alimentos no siente la presión de una urgente necesidad, toda vez que la sentencia es ejecutoria mientras se substancia el recurso. Y si el fallo le es adverso, puede establecer la ape-

lación inmediatamente, y es de suponerse que así lo haga, ya que es la parte que invoca la necesidad y la que está excepcionalmente interesada en provocar una pronta solución. Una vez decretados los alimentos, cesa para el alimentista la necesidad perentoria, la emergencia que tuvo en mente el legislador al prescribir el procedimiento sumario. En cuanto a la parte condenada a satisfacerlos, que es la única a quien puede perjudicar la demora, tiene el campo expedito para apelar desde el primero hasta el último de los treinta días concedidos para establecer el recurso.

La ley establece un remedio rápido y para darle mayor efectividad, teniendo en cuenta las razones apuntadas, ha decretado que la apelación no obstaculiza la ejecución de una sentencia en favor del alimentista.

En éstas y otras razones nos basamos cuando en *Hornes v. Giusti* (ante, pág. 257), dijimos que es para la primera instancia que rigen las reglas del desahucio. De la opinión emitida en el caso referido copiamos lo siguiente:

"Si nos fijamos en lo prescrito en el artículo 84 de la ley de procedimientos legales especiales, veremos que abarca dos extremos. Por el primero ordena que toda reclamación sobre alimentos se tramitará en la forma prescrita para el juicio de desahucio. Por el segundo autoriza la apelación sin que ésta obstaculice la ejecución de la sentencia. Es para la primera instancia que rigen las reglas del desahucio. La apelación se otorga expresamente, con una condición especial, el no obstáculo de la ejecución de la sentencia que se apele. Cuando el legislador fijó las reglas que contiene la sección 12 de la ley de desahucio, su mente estaba enteramente fija en casos de desahucio. Cuando se ocupó de casos de alimentos, pensó que las reglas rápidas del juicio de desahucio podrían serle aplicables y así lo dispuso, pero ordenó algo especial en cuanto a la apelación. Si su intención hubiera sido que las disposiciones de la ley de desahucio relativas a la segunda instancia les fueran también aplicables, nada hubiera dicho con respecto a apelación.

"La totalidad de lo dispuesto en la sección 84 de la ley, artículo 618 del Código, demuestra que el legislador tuvo muy en cuenta lo urgente que son las cuestiones relativas a alimentos. Garantizó un procedimiento rápido para ventilarlas en primera instancia y si bien

permitió apelar de las sentencias resolviéndolas, dispuso expresamente que el recurso no obstaculizaría la ejecución de la sentencia. Ésta puede y debe cumplirse no obstante la apelación. La pensión que se fije debe satisfacerse inmediatamente, pudiendo la corte castigar por desacato a la parte obligada a prestarla, si se niega a ello voluntaria y obstinadamente. *Villa* v. *Corte*, 45 D. P. R. 879.''

Opinamos que el plazo para establecer recurso de apelación contra la sentencia dictada debe regularse por el artículo 295 del Código de Enjuiciamiento Civil, y no por el artículo 11 de la ley de desahucio.

*Debe declararse sin lugar la moción solicitando que se desestime la apelación.*