Luis González Peralta, por sí y en representación de su esposa Violeta Ramírez Colón, y como padre con patria potestad sobre sus menores hijos Luis Rafael y José Ramón González Ramírez, demandantes y apelantes, *v.* Irma López Cepero, demandada y apelada.

Núm. 9970.—*Sometido:* Abril 5, 1949. *Resuelto:* Abril 28, 1949.

*Ruiz Suria & Ruiz Suria,* abogados de los apelantes; *Armando A. Miranda,* abogado de la apelada.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

La demandada apelada presentó ante este Tribunal una moción para desestimar por frívolo el recurso de apelación interpuesto contra la sentencia que declaró sin lugar la demanda de daños y perjuicios interpuesta contra ella por Luis González Peralta y otros. La moción no explica en qué consiste la frivolidad del recurso, ni acompaña la apelada documento alguno del cual pudiéramos determinarla. Pero los apelantes radicaron una moción solicitando permiso para tramitar la apelación sin necesidad de radicar transcripción de evidencia y la fundaron en que el recurso envolvía solamente una cuestión de derecho, la cual podía resolverse a base del legajo de sentencia que acompañaron.

Del legajo de sentencia resulta que la aquí apelada había instado en la Corte Municipal de San Juan un pleito de desahucio contra los ahora apelantes, y que la demanda fué declarada con lugar; que los demandados apelaron para ante la Corte de Distrito dentro del término legal, pero no acompañaron la fianza, ni en su defecto consignaron los cánones a que venían obligados para que el recurso quedase per-

feccionado. Con tal motivo, la demandante entonces, aquí demandada apelada, solicitó la desestimación del recurso y la corte así lo decretó. La ahora demandada apelada obtuvo el lanzamiento de los entonces demandados y éstos instaron el presente pleito en reclamación de daños y perjuicios fundándolo en que el lanzamiento fué obtenido antes de que vencieran los cuarenta días a partir de la fecha en que la sentencia quedó firme. Sostienen los apelantes que la sentencia de desahucio no quedó firme hasta que el recurso de apelación fué desestimado por la Corte de Distrito. La apelada, por el contrario, mantiene que la sentencia quedó firme desde que expiró el término de cinco días a partir de la fecha en que la sentencia de desahucio fué notificada a los entonces demandados, y que el lanzamiento se verificó después de los cuarenta días a partir del referido término de cinco días.

■■ La única cuestión a resolver en esta moción de frivolidad es cuál de los dos términos debe tomarse como punto de partida para determinar cuándo quedó firme la sentencia de desahucio. Si ésta era firme cuando se practicó el lanzamiento, no hay duda de que el recurso contra la sentencia que declaró sin lugar la demanda de daños y perjuicios es frívolo. El artículo 631 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 170 de 9 de mayo de 1942 (pág. 889) dispone que "no se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación; pudiendo el demandado cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría, el importe del precio de la deuda hasta la fecha de la sentencia."

No habiendo los demandados en desahucio radicado, la correspondiente fianza ni en sustitución de ésta consignado en Secretaría el importe del precio de la deuda hasta la fecha

de la sentencia, no existió en ningún momento recurso de apelación. Siendo ello así, la sentencia de desahucio, de conformidad con el artículo 630 del Código de Enjuiciamiento Civil, quedó firme al expirar el término de cinco días desde que se notificó la misma a los demandados. Consecuentemente, el lanzamiento fué verificado dentro del término legal y los demandantes no tienen causa de acción contra la demandada.

*El recurso, pues, resulta claramente frívolo y procede su desestimación.*

El Juez Asociado Sr. Marrero se inhibió.