ERNESTO ANDINO y OTROS, GREGORIO DELGADO y OTROS, demandantes y recurridos, *v.* FAJARDO SUGAR COMPANY, demandada y recurrente.

Número 246.

ALBERTO BACHMAN, demandante y apelado, *v.*
MANUEL MARTINÓ RUIDÍAZ, demandado y apelante.

Número 12852.
*Reasignados:* 6 de febrero de 1961. *Resueltos:* 24 de febrero de 1961.

---

([10]) Cf. *Rodríguez* v. *Corte*, 65 D.P.R. 614 (1946); *Sierra* v. *Long Construction Co.*, 76 D.P.R. 417, 421.

*Sifre, Ruiz-Suria & Sifre* y *Baltasar Corrada,* abogados de la recurrente en el caso 246; *Vicente Géigel Polanco* y *Vicente Géigel Lanuza,* abogados de los recurridos en dicho caso.

*Amancio Arias Cestero,* abogado del apelante en el caso 12852; *Jorge Benítez Gautier,* abogado del apelado en dicho caso.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribnunal.

*A)* El Tribunal Superior, Sala de San Juan, dictó sentencia en 29 de octubre de 1959 en un caso sobre reclamación de salarios radicado por Ernesto Andino y otros ante dicho tribunal y tramitado bajo las disposiciones de la Ley

núm. 10 de 1917 (Leyes (1), pág. 217). Contra dicha sentencia la demandada Fajardo Sugar Co. interpuso recurso de revisión ante el Tribunal Supremo a los veintinueve días de haberse archivado en autos copia de la notificación a las partes. La parte recurrida solicita la desestimación del recurso de revisión por el fundamento de que tratándose de una sentencia dictada por el Tribunal Superior en una acción bajo la ley especial sobre reclamación de salarios solamente procede el recurso de apelación provisto por la sección 1 de la misma, el cual debe interponerse dentro de cinco días.(1)

B) El Tribunal Superior, Sala de San Juan, dictó sentencia en 31 de octubre de 1960 en una acción de desahucio iniciada por Alberto Bachman contra Manuel Martinó Ruidíaz. Copia de la notificación de la sentencia fue archivada en autos el día 10 de noviembre. Martinó radicó un escrito de apelación y la fianza exigida por ley el día 21 siguiente. El demandante-apelado solicita la desestimación de la apelación por haberse interpuesto después de haber transcurrido más de cinco días desde el archivo en autos de copia de la notificación de la sentencia.

Debemos resolver, por tanto, cuál ha sido el efecto, en cuanto al trámite apelativo, de la Ley núm. 115 de 26 de junio de 1958 (Leyes, pág. 294, 4 L.P.R.A. sec. 37), que enmendó la sección 14 de la Ley de la Judicatura de 1952, sobre las leyes que establecen los procedimientos especiales para las reclamaciones por servicios prestados y el desahucio.(1a) Para ello es necesario que brevemente nos refiramos al historial legislativo de las disposiciones pertinentes de dichos procedimientos.

---

(1) La parte pertinente de la sección 1 de la Ley núm. 10 de 1917, lee como sigue:

"Contra las sentencias dictadas por la corte de distrito (hoy Tribunal Superior) en casos de jurisdicción original, podrá establecerse apelación para ante el Tribunal Supremo dentro de los 5 días de notificada la sentencia."

(1a) Aun cuando estos recursos no han sido consolidados, los hemos considerado conjuntamente a los fines de su resolución por envolver cuestiones germanas.

'(A) Reclamaciones por Servicios Prestados.

Al ser aprobada la Ley núm. 10 de 1917, supra, cubría únicamente reclamaciones por salarios agrícolas. Se establecía un procedimiento sencillo, rápido y económico ante el anterior tribunal municipal para dirimir las disputas sobre salarios entre obreros y patronos. (*Jaume* v. *Corte*, 61 D.P.R. 168 (1942). Mediante la Ley núm. 12 de 2 de julio de 1923 (Leyes, pág. 189) se extendió a toda clase de reclamaciones de salarios. Originalmente se concedía un derecho de apelación dentro de dos días de dictada la sentencia, y se limitaba a una sola apelación en casos de reclamaciones de salarios agrícolas. No fue hasta 1935, mediante la aprobación de la Ley núm. 40 de 17 de abril (Leyes, pág. 239), que se extendió a cinco días el término para apelar y se dispuso que dicho término se contaría desde que se notificara la sentencia. Finalmente, en 1945 (Ley núm. 17 de 11 de abril, pág. 45) se concedió jurisdicción concurrente a las anteriores cortes de distrito (hoy Tribunal Superior) para entender en estas reclamaciones y se dispuso que las sentencias que se dictaren podían ser apeladas para el Tribunal Supremo dentro del término de 5 días de notificadas.[2]

En la actualidad la Ley 10 de 1917, supra, contiene las siguientes disposiciones (sec. 1) que se relacionan con la consideración por el Tribunal Supremo de sentencias dictadas por el Tribunal Superior en casos allí originados:[3]

---

[2] También se incorporó una disposición expresa al efecto de que las sentencias dictadas por el hoy Tribunal Superior en apelaciones procedentes de los Tribunales de Distrito, podrían ser revisadas por el Tribunal Supremo mediante certiorari en aquellos casos en que tales sentencias no fueren apelables para ante dicho tribunal. Esto incluye los casos de reclamaciones agrícolas, en los cuales se concede una sola apelación, y los casos originados en los Tribunales de Distrito cuando la cuantía no excede de $300. *Ayala* v. *Martell*, 65 D.P.R. 114 (1945), *Collazo* v. *Corte*, 61 D.P.R. 291 (1943).

[3] En *Hull Dobbs Company of Puerto Rico* v. *Tribunal Superior*, ante, pág. 77, (Opinión de 14 de febrero de 1961) hemos resuelto que el certiorari especial a que se refiere la Regla 15.1(*a*) de nuestro Reglamento es el recurso procedente para traer ante nuestra consideración las sentencias dictadas por el Tribunal Superior en casos de salarios originados en los Tribunales de Distrito.

(*a*) podrán ser "apeladas" para el Tribunal Supremo; (*b*) dentro de un término de 5 días de notificada la sentencia; (*c*) para los fines de la apelación se remitirán los autos originales con la transcripción de evidencia; y, (*d*) se seguirá el mismo procedimiento que se fija en dicha ley para las apelaciones de los Tribunales de Distrito a los Tribunales Superiores.

(B) DESAHUCIOS:

Las disposiciones de la Ley de Desahucio que se refieren a las apelaciones conservan la redacción original desde la fecha de su aprobación: (*a*) no se dará más de una apelación; (*b*) la cual debe formalizarse dentro del término de 5 días de la notificación de la sentencia; y, (*c*) para que se admita la apelación se requiere la consignación o afianzamiento de los cánones vencidos y los que vayan venciendo, cuando la acción se funde en falta de pago; o la prestación de fianza para responder al demandante de los daños y perjuicios y las costas de apelación. Específicamente, la ley especial dispone que "las apelaciones se tramitarán de acuerdo con el Código de Enjuiciamiento Civil" (Art. 633 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2834).

Cuando se aprobó la Ley 10 de 1917 la apelación ante el Tribunal Supremo de las sentencias dictadas por las anteriores cortes de distrito (hoy Tribunal Superior) en pleitos civiles se regía por la Parte IX del Subtítulo 2 del Código de Enjuiciamiento Civil (Arts. 295 al 306, 32 L.P.R.A., secs. 1281 a 1293) y la apelación ante las cortes de distrito de las sentencias dictadas por las cortes municipales (hoy Tribunal de Distrito) se regía por la Ley de 11 de marzo de 1908 (Leyes, pág. 124). En distintas ocasiones hemos recurrido a estas disposiciones del Código de Enjuiciamiento Civil y de la ley mencionada para resolver sobre requisitos del trámite apelativo en casos de reclamaciones de salarios y desahucio. En *Vando* v. *Corte Municipal*, 65 D.P.R. 6 (1945) y *Asociación Cooperativa* v. *Navarro*, 70 D.P.R. 929

(1950) sostuvimos que, en ausencia de disposiciones específicas en la Ley de Desahucio, la notificación de sentencias se rige por la sección 2 de la Ley de 11 de marzo de 1908. En *Fog* v. *Corte*, 65 D.P.R. 161 (1945) seguido en *Sosa* v. *Tribunal de Distrito*, 70 D.P.R. 62 (1949) y *Pabón* v. *Corte*, 65 D.P.R. 896 (1946), determinamos que dicha ley era igualmente aplicable a las apelaciones en procedimientos especiales de reclamación de salarios y que el término para interponer el recurso se deduce desde la fecha en que el secretario archiva en autos copia de la notificación de la sentencia. En *Ayala* v. *Martell*, 65 D.P.R. 114 (1945), aplicamos el artículo 295 del Código de Enjuiciamiento Civil para determinar, por razón de la cuantía envuelta, los casos de reclamaciones de salarios iniciados en los anteriores tribunales municipales que podían llegar al Tribunal Supremo en apelación. La norma sobre la interrupción del término para apelar mediante la presentación de una moción de reconsideración y su señalamiento, así como la forma de computar el término para la interposición del recurso, ha sido aplicada en casos de desahucio. *Ramos* v. *Avilés*, 58 D.P.R. 726 (1941), *Fabián* v. *Rodríguez*, 53 D.P.R. 448 (1938). En *Angleró* v. *Trigo*, 48 D.P.R. 194 (1935) se solicitó la desestimación de una apelación en un caso de reclamación de salarios por haberse notificado el escrito de apelación a la parte y no a su abogado. Después de citar la sección 8 de la Ley núm. 10 de 1917 que se refiere a la apelación, este Tribunal dijo: "Nada más establece y parece lo natural que se recurra a los preceptos generales del Código de Enjuiciamiento Civil para regular la forma en que la notificación debe hacerse. Y aplicándolos resulta en verdad que la notificación no se hizo de acuerdo con la ley."

No tenemos duda de que cuando el legislador concedió un derecho de apelación para ante el Tribunal Supremo de las sentencias dictadas por el Tribunal Superior en los casos de reclamación de salarios y desahucio tuvo en mente el procedimiento apelativo que establecía el Código de Enjuicia-

miento Civil. Y en los casos de desahucio específicamente requirió que "las apelaciones se tramitarán de acuerdo con el Código de Enjuiciamiento Civil". (Ley de Desahucio, art. 14, 32 L.P.R.A. sec. 2834.) En *Jiménez* v. *Corte*, 65 D.P.R. 37 (1945) resolvimos que al prohibir en la Ley núm. 10 de 1917, supra, la concesión de costas, el legislador empleó dicha palabra con el significado que entonces tenía de que incluía honorarios de abogado, y resolvimos que en pleitos de reclamación de salarios no podían concederse honorarios de abogado. [4]

En 1950 [5] se adiciona una disposición a la Ley 10 de 1917, supra, al efecto de que "En los casos que se tramiten con arreglo a esta ley se aplicarán las Reglas de Enjuiciamiento Civil en todo aquello en que no esté en conflicto con las disposiciones específicas de esta ley." [6] Como las Reglas

---

[4] Por la Ley núm. 17 de 11 de abril de 1945 (Leyes, pág. 45) se adicionó una disposición a la ley especial sobre reclamación de salarios haciendo mandatoria la condena en honorarios cuando prevalece el querellante.

[5] Ley núm. 150 de 1 de mayo de 1950 (Leyes, pág. 407).

[6] Entre otras, pueden enumerarse las siguientes disposiciones específicas de la Ley 10 de 1917, supra, que son distintas a las de las Reglas de Procedimiento Civil y a las disposiciones del Código de Enjuiciamiento Civil que han quedado vigentes: (a) en cuanto a la designación del tribunal competente, se aparta de la regla general de que las acciones personales se ventilarán en el distrito en que residiere el demandado (art. 81 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 407) y se autoriza la presentación de la demanda en el distrito de la residencia del obrero o en aquel en donde se prestaron los servicios; (b) se autoriza a la mujer casada a demandar sin el concurso de su marido (Véase la Regla 17(d) y el anterior artículo 54 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 304; cf. *Valiente y Cía.* v. *Corte*, 68 D.P.R. 529 (1948); (c) se requiere que la moción de prórroga para formular alegaciones sea jurada (Véase Regla 9); (d) se permite un emplazamiento especial en la persona que en cualquier forma represente al querellado en la finca, establecimiento o sitio en que se realizó el trabajo que dio origen a la reclamación (Véase Regla 4); (e) se fija un término de 15 días a partir de la publicación del último edicto para la comparecencia de querellados que residieren fuera de Puerto Rico; (f) se impide la presentación de reconvenciones compulsorias (Véase Regla 11.1); (g) se determina que las sentencias dictadas en rebeldía o por la falta de comparecencia al acto del juicio serán inapelables; (h) dispone la imposición obligatoria de honorarios de abogado cuando se dicte sentencia contra la parte querellada, independientemente de que haya o no incurrido en temeridad. *Feliciano* v. *Puerto Rican Express Co.*, 67 D.P.R. 377 (1947).

de Procedimiento Civil de 1943 no reglamentaban las apelaciones([7]) esta enmienda no cambia la situación ya discutida. El problema realmente surge con la aprobación de la Ley núm. 115 de 26 de junio de 1958, supra, y la Ley núm. 120 de la misma fecha (Leyes, pág. 302) mediante la cual se incorporaron las Reglas 52, 53 y 54.

En términos generales, puede afirmarse que la reforma procesal más importante de la Ley núm. 115 de 1958, supra, fue eliminar el derecho absoluto a apelar de las sentencias dictadas por el Tribunal Superior en casos civiles iniciados en dicho tribunal, salvo aquellos en los cuales se plantee una cuestión constitucional *sustancial*, y descansar en la discreción del Tribunal Supremo para la determinación, mediante la expedición del auto de revisión, de las sentencias del Tribunal Superior que serán traídas a su consideración. En el informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre las leyes mencionadas se dijo que "La Comisión recomienda, en este sentido, que la jurisdicción apelativa del Tribunal Supremo sea convertida, con ciertas excepciones, de mandatoria en discrecional". (Diario de Sesiones, Vol. X, pág. 1560). El propósito de esta reforma fue evitar la demora que se observaba en el trámite apelativo y lograr una pronta disposición de los recursos frívolos o huérfanos de méritos. En otras palabras, la intención legislativa fue garantizar *un trámite rápido*.

Ahora bien, el término "apelación" usado en las leyes especiales mencionadas no puede tener un significado mayor que indicar un procedimiento para revisar las sentencias de un tribunal inferior por un tribunal superior. Cuando el estatuto especial no fija un procedimiento en detalle, como en los casos que consideramos, forzoso es concluir que se refiere al trámite apelativo que el mismo legislador ha provisto en las acciones civiles ordinarias. Habiendo desaparecido el procedimiento de apelación mandatorio, salvo en casos excep-

---

([7]) *Collazo* v. *Puig & Abraham*, 70 D.P.R. 817 (1950); *Hernández* v. *Corte Municipal*, 69 D.P.R. 887 (1949).

cionales, concluimos que en cuanto se refiere a las sentencias dictadas por el Tribunal Superior en casos de reclamación de salarios y desahucios, el recurso procedente para traerlas ante la consideración del Tribunal Supremo es el que se establece en la Ley núm. 115 de 1958, supra, o sea el de revisión discrecional, a menos que se plantee una cuestión constitucional sustancial, en cuyo caso puede acudirse al recurso de apelación. (8)

 Dispuesta de esta primera cuestión sobre el recurso procedente, réstanos considerar la relativa al término dentro del cual debe interponerse este recurso de revisión o el de apelación en casos en donde se planteen cuestiones constitucionales sustanciales. La intención legislativa es el factor principal que debemos apreciar para hallar la solución. Como hemos expresado, el propósito legislativo en los casos de reclamaciones de salarios y de desahucio fue imprimirle una mayor rapidez debido precisamente a su naturaleza especial. Para ello se valió del recurso de reducir el término de treinta a cinco días para la interposición de la apelación y autorizar que se elevaran los autos originales. Esa misma intención se logra con el recurso de revisión, ya que el ejercicio de discreción por este Tribunal permite disponer rápidamente de los recursos frívolos y sin méritos. El término de cinco días lograba el propósito legislativo de acelerar la disposición de los casos de salarios porque se trataba de un

---

(8) Esta interpretación del término "apelación" se extiende, entre otros casos, sin que pretendamos cubrirlos todos, a los siguientes: recursos en casos contributivos (13 L.P.R.A. sec. 289); auto de aprobación de operaciones particionales (32 L.P.R.A. sec. 2625); resoluciones en casos de adopción, renuncia de patria potestad y transferencia de custodia (32 L.P.R.A. sec. 2698); resoluciones en expedientes de autorizaciones judiciales sobre bienes de menores (32 L.P.R.A. sec. 2732); resoluciones en casos de desistimiento parcial o total de adquisición en procedimientos de expropiación forzosa (32 L.P.R.A. sec. 2910); autos de quo warranto (32 L.P.R.A. sec. 3397. En cuanto a sentencias en casos de alimentos provisionales, véanse *Pirazzi* v. *Vecchini*, 48 D.P.R. 710 (1935) y *Hornes* v. *Giusti*, 48 D.P.R. 257 (1935) en donde resolvimos que el plazo para apelar es de treinta días, y no el de cinco días que se establecía para el juicio de desahucio.

recurso de apelación mandatorio dentro del cual bastaba la simple presentación del escrito de apelación para suspender la ejecución de la sentencia. Pero desaparecido el carácter mandatorio de la apelación, el término de cinco días pierde su especial significación. Como cuestión de realidad, la reducción de veinticinco días en el término no es una medida tan eficaz para acelerar el trámite como lo es la naturaleza discrecional en la expedición del auto de revisión, que depende de los fundamentos que se expongan en la petición. Por otro lado, de sostenerse el plazo de cinco días para la interposición del recurso de revisión estaríamos probablemente imponiendo una solución muy severa, y ésta no puede haber sido la intención legislativa. Resolvemos, por tanto, que en casos de reclamaciones de salarios y desahucios originados en el Tribunal Superior el recurso de revisión o apelación, según fuere el caso, debe interponerse dentro del término de treinta días. A primera vista esta interpretación puede parecer como un mero *fiat* judicial, pero si consideramos que dentro del proceso de hermenéutica tenemos la obligación de armonizar hasta donde sea posible todas las disposiciones de ley envueltas con miras a lograr un resultado sensato, lógico y razonable[9] que represente la intención del legislador, esta impresión se disipará. Para ello, los tribunales se apartan frecuentemente de una interpretación estricta o literal que conduzca a un resultado indeseable. Y esa intención, que no es otra que proveer un trámite rápido en estos procedimientos especiales, se logra plenamente con la solución a que hemos llegado. Debe considerarse además la constante preocupación del legislador de lograr un procedimiento *uniforme* en los casos civiles. La legislación procesal en Puerto Rico ha estado orientada a lograr no sólo la integración de los tribunales en términos de competencia (*venue*), sino también la uniformidad en el procedimiento,

---

[9] *García Commercial* v. *Secretario de Hacienda*, 80 D.P.R. 765 (1958); *Colonos de Santa Juana* v. *Junta Azucarera*, 77 D.P.R. 392 (1954); *Lozada* v. *Antonio Roig, Sucrs.*, 73 D.P.R. 266 (1952); *Pueblo* v. *Beltrán*, 73 D.P.R. 509 (1952).

para con ello obtener "una solución justa, rápida y económica de todo procedimiento" (Regla 1 de las de Procedimiento Civil).

En *Sierra* v. *Tribunal Superior*, 75 D.P.R. 841 (1954) resolvimos que el término para apelar del antiguo Tribunal Municipal (hoy Tribunal de Distrito) al Tribunal de Distrito (hoy Tribunal Superior) en pleitos de reclamación de salarios es el de cinco días que prescribe la ley especial sobre la materia, y no el que proveen las Reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior, que en la actualidad es de treinta días. Pero este caso es claramente distinguible de la situación que consideramos porque en el de autos se trata de un recurso del Tribunal Superior al Tribunal Supremo, y además, en cuanto al trámite del Tribunal de Distrito al Tribunal Superior, se conservó el recurso de apelación de carácter mandatorio, no discrecional. Por tanto, es innecesario que modifiquemos la doctrina establecida en el caso de *Sierra*.

 Deseamos aclarar que el requisito de consignación o afianzamiento exigido por la Ley de Desahucio, por ser jurisdiccional, [10] queda inalterado, excepto que el término para su depósito o prestación ante el Tribunal Superior se extiende a treinta días en los casos de recursos ante este Tribunal contra sentencias del Tribunal Superior. [11]

En relación con los recursos interpuestos en casos de reclamación de salarios y desahucio en los cuales no se siguió el procedimiento indicado en la presente opinión, y con miras a proteger adecuadamente los derechos de los litigantes , cf. *Araújo* v. *Tribunal de Contribuciones*, 67 D.P.R.

---

[10] *González* v. *López*, 69 D.P.R. 944 (1949); *López* v. *Pérez*, 68 D.P.R. 312 (1948); *Hernández* v. *Cruz*, 48 D.P.R. 523 (1935). Cf. Ley núm. 9 de 8 de octubre de 1954 (Leyes, pág. 123, 13 L.P.R.A. sec. 816) y sec. 272(*b*)(2) y (*b*)(3) de la Ley núm. 91 de 29 de junio de 1954 (Leyes, pág. 475, 13 L.P.R.A. sec. 3272).

[11] Cf. *Blanes* v. *Valldejuli*, 73 D.P.R. 2 (1952); *Vivas* v. *Petrilli*, 66 D.P.R. 653 (1946); *Cordero* v. *Corte*, 59 D.P.R. 825 (1942). *Fabián* v. *Rodríguez*, 53 D.P.R. 448 (1938); *Suau* v. *Pol*, 51 D.P.R. 445 (1937).

875 (1947), oportunamente proveeremos una vez consideradas las circunstancias de cada caso en particular.([12])

*Por los fundamentos expuestos a) se declarará sin lugar la moción de desestimación presentada por los demandantes-recurridos en el recurso de revisión núm. 246; y b) se declarará con lugar la moción para desestimar en el recurso núm. 12852.*

---

([12]) Nos referimos a aquellos casos en que *a)* se radicó el escrito de apelación, sin exponer fundamentos, dentro de los cinco días desde el archivo en autos de la notificación de la sentencia; y, *b)* se radicó el escrito de apelación, expresando fundamentos, después de transcurridos cinco días del archivo en autos de la notificación de la sentencia, pero dentro de treinta días de dicho archivo.