# 2001 DTA 131

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL IV**

RUBEN ROBLES
Apelado

v.

GERMAN ARCE
Apelante

Núm. KLAN-00-01174

San Juan, Puerto Rico, a 14 de marzo de 2001

Panel integrado por su Presidente, el Juez Gierbolini,
y los Jueces Cordero y Rodríguez Muñiz

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Germán Arce ("*Sr. Arce*") solicitó el 23 de octubre de 2000 la revisión de un No Ha Lugar de una solicitud de reconsideración en un caso de desahucio, la cual fue notificada el 21 de septiembre de 2001 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Se desestima la misma por falta de jurisdicción.

### I

El 31 de mayo de 2000 se celebró la vista en su fondo en el caso sobre desahucio y cancelación de contrato (Civil Núm. KPE 00-1122). El 14 de junio de 2000, notificada el 26 de junio de 2000, el Tribunal de Primera Instancia dictó sentencia declarando con lugar la demanda y decretando el desahucio. El Sr. Arce presentó el 11 de julio de 2000 una "*Moción de Reconsideración y en Oposición a que se Dicte Sentencia en Rebeldía*". El demandante, aquí apelado, Sr. Rubén Robles ("*Sr. Robles*"), presentó el 14 de julio de 2000 una "*Oposición a Moción de Reconsideración y en Oposición a que se Dicte Sentencia en Rebeldía*".

En el ínterin, el 5 de julio de 2000, notificada el 21 de julio de 2000, el Tribunal de Primera Instancia dictó una Sentencia Enmendada ■ (en realidad es una enmienda *Nunc Pro Tunc*), en la que lo único que corrigió fue la fecha en que se canceló el contrato de arrendamiento. El Sr. Arce presentó el 4 de agosto de 2000 una segunda "*Moción de Reconsideración y Réplica a Oposición del Demandante*". El 16 de agosto de 2000, el Sr. Robles presentó su "*Oposición a Moción de Reconsideración y Dúplica a Réplica a Oposición del Demandante*". En esta misma fecha del 4 de agosto de 2000, el Tribunal de Primera Instancia dictó una orden, notificada el 8 de agosto de 2000, en la que refirió la moción de reconsideración sobre la sentencia notificada el 26 de junio de 2000 a la Juez Myrta Irrizary. Finalmente, el 12 de septiembre de 2000, notificada el 21 de septiembre de 2000, el Tribunal de Primera Instancia declaró No Ha Lugar la primera reconsideración, o sea, la del 11 de julio de 2000.

Posteriormente, el 3 de octubre de 2000, el tribunal refirió la segunda moción de reconsideración a la Juez Myrta Irizarry y, a su vez, hizo referencia a que la primera moción de reconsideración fue declarada No Ha Lugar.

El Sr. Arce presentó el presente recurso indicando que pretende la revisión de la orden del tribunal notificada el 21 de septiembre de 2000 con relación al No Ha Lugar a la primera moción de reconsideración.

El 9 de marzo de 2001, el Sr. Arce presentó ante este Tribunal una "*Moción Informativa y Oposición a Moción de Reconsideración*" en la cual indicó que sometió un escrito al Tribunal de Primera Instancia donde se ventiló la controversia solicitando que fije la fianza a ser presentada de acuerdo con el artículo 631 del Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2832, según enmendado por la Ley Núm. 378 de 3 de septiembre de 2000 a tenor con lo ordenado por este Tribunal en Resolución de 1ro. de febrero de 2001.

## II

La Regla 47 de Procedimiento Civil dispone en todo lo concerniente a la moción de reconsideración lo siguiente:

"*La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden, o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari con término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de certiorari con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.*

*Cuando el término para apelar o presentar un recurso de certiorari fuere interrumpido en virtud de esta regla, la interrupción beneficiará a cualquier otra parte que se hallare en el pleito.*

*La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la resolución o sentencia, presentar una moción de reconsideración. El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración.*" 32 L.P.R.A. Ap. III.

Por otra parte, la Regla 13 (A) del Reglamento del Tribunal de Circuito de Apelaciones dispone, en lo pertinente, lo siguiente:

*"Las alegaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición, se presentarán dentro del término jurisdiccional de treinta días (30) contados desde el archivo en autos de una copia de la notificación de la sentencia."*

En el caso de autos, el Tribunal de Primera Instancia no tomó acción alguna dentro de los diez (10) días de presentada la moción de reconsideración, por lo que el plazo para presentar un recurso de apelación o *certiorari* no fue interrumpido, ya que se considera que la misma fue rechazada de plano. *Villanueva v. Hernández Class*, 128 D.P.R. 618, 632-634 (1991); *Rodríguez Rivera v. Autoridad de Carreteras*, 110 D.P.R. 184, 186-187 (1980). A pesar de que el foro de instancia denegó la moción de reconsideración por no haberla acogido dentro del término de diez (10) días de haberse presentado, éste pudo acogerla posteriormente de estimarlo procedente si todavía no ha transcurrido el término para interponer el recurso de apelación o revisión. *Lagares Pérez v. E.L. A.*, (1997), **97 J.T.S. 149**, a la pág. 412; *In re: Manuel Torres Delgado*, (2000), **2000 J.T.S. 77**, a la pág. 1066, nota 5. Sin embargo, pasado el término en que la sentencia advino final y firme, o sea, treinta y nueve (39) días más tarde, el Tribunal de Primera Instancia, carente de jurisdicción, emite una orden donde refirió la misma a la Juez Myrta Irrizary y ésta declaró la misma No Ha Lugar el 4 de agosto de 2000. Ante esta situación, el término para recurrir ante nos, mediante apelación o *certiorari*, nunca fue interrumpido.

La ausencia de jurisdicción sobre la materia trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada, (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste asumirla, (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede levantarse en cualquier etapa del procedimiento a instancia de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 537 (1991).

Como no fue interrumpido el término para presentar la apelación, el Sr. Arce tenía que radicar el recurso antes del término jurisdiccional de treinta (30) días, a partir del 26 de junio de 2000, fecha en que se notifica y archiva en autos la sentencia, o sea, antes del 26 de julio de 2000.

Por otra parte, este Tribunal ordenó al Sr. Arce, mediante Resolución de 1ro. de febrero de 2001, demostrar que cumplió con el requisito de prestar fianza en casos de desahucio para presentar un recurso de apelación, según dispone el artículo 631 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2832, según enmendado por la Ley Núm. 378 de 3 de septiembre de 2000. ■ (*"Ley 378"*) que dispone:

*"No se admitirá al demandado el recurso de apelación si no otorga fianza por el monto que sea fijado por el Tribunal de Primera Instancia para responder por los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación, pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría el importe del precio de la deuda hasta la fecha de la sentencia."*

El artículo 631 del Código de Enjuiciamiento Civil, *supra*, en un principio establecía que:

*"No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan ocasionar al demandante y de las costas de la apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia."*

El citado artículo fue enmendado por la Ley Núm. 291 de 4 de diciembre de 1998 con el propósito de atemperarlo a la Ley de la Judicatura. de Puerto Rico de 1994, Ley Núm. 1ra. de 28 de julio de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995. El nuevo artículo 631 del Código de Enjuiciamiento Civil, *supra*, disponía que:

*"No se admitirá al demandado recurso de apelación si no otorga fianza por el monto que sea fijado por el Tribunal de Circuito de Apelaciones para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación, pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría el importe del precio de la deuda hasta la fecha de la sentencia."*

Como se puede observar, el único cambio que sufrió este artículo fue, en primer lugar, a los efectos de sustituir al Tribunal de Primera Instancia por este Tribunal y con el cambio de la Ley 378 se revierte dicho cambio para que sea el Tribunal de Primera Instancia el que imponga la cuantía de la fianza. Sin embargo, la Ley 378, a pesar de comenzar a regir inmediatamente a partir del 3 de septiembre de 2000, la misma sería aplicable a toda sentencia de desahucio a partir de dicha fecha. En el caso ante nuestra consideración, la sentencia de desahucio fue emitida el 14 de junio de 2000, antes de la vigencia de la Ley 378, por lo que el Sr. Arce debió cumplir con lo requerido por el artículo 631 del Código de Enjuiciamiento Civil, Ley Núm. 291 de 4 de diciembre de 1998.

El Tribunal Supremo de Puerto Rico, interpretando el artículo 631 del Código de Enjuiciamiento Civil, *supra*, estableció que los demandados, como requisito jurisdiccional para apelar de una sentencia de desahucio, tienen que prestar una fianza que sea suficiente. *Andino v. Fajardo Sugar Co.*, 82 D.P.R. 85, 95 (1961); *González v. López*, 69 D.P.R. 944, 946 (1949); *López v. Pérez*, 68 D.P.R. 312, 314-315 (1948). Dicha fianza debe presentarse dentro del término dispuesto para presentar el recurso de apelación. *Rodríguez Negrón v. Morales García*, 105 D.P.R. 877, 880 (1977). El requisito que obliga a un demandado a prestar fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se basa en falta de pago. *Blanes v. Valdejulli*, 73 D.P.R. 2, 5 (1952). Sólo se exceptúa de la presentación de fianza aquellos apelantes declarados insolventes por el Tribunal de Primera Instancia, a los fines de litigar libre de pago. *Bucaré Management v. Arriaga García*, 125 D.P.R. 153, 158-159 (1990).

Lo antes expuesto supone que como la sentencia del Tribunal de Primera Instancia fue emitida antes de la vigencia de la Ley 378, el Sr. Arce, en este caso, al invocar nuestra jurisdicción mediante la correspondiente apelación en un pleito de desahucio, debió prestar fianza ante este Tribunal dentro del término jurisdiccional para acudir en apelación o al menos solicitar a este Tribunal, dentro del término antes aludido, que fije la fianza requerida. De lo contrario, carecemos de jurisdicción para atender el recurso.

El Sr. Arce, mediante su escrito de 9 de marzo de 2001, indicó que este Tribunal ordenó la prestación de dicha fianza; por el contrario, este Tribunal ordenó, mediante Resolución de 1ro. de febrero de 2001, que demostrara haber cumplido con la prestación de fianza. Al día de hoy, el Sr. Arce no ha cumplido con lo ordenado por este Tribunal, por lo que concluimos que no se presentó la fianza, razón por la cual no se puede admitir el presente recurso de apelación.

## III
Por los fundamentos antes señalados, se desestima el presente recurso de apelación por falta de jurisdicción.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**1.** Un tribunal tiene facultad inherente para corregir los errores de forma que aparezcan en sus expedientes. Un error de forma en una sentencia dictada es subsanable mediante una enmienda *nunc pro tunc*, dándosele efecto retroactivo a la enmienda con fecha de la sentencia o resolución original. *Security Ins. Co. v. Tribunal Superior*, 101 D.P.R. 191, 202 (1973).

**2.** La Ley 378 de 3 de septiembre de 2000 en su sección 2 dispone que:

*"Esta ley comenzará a regir inmediatamente después de su aprobación y será aplicable a toda sentencia de desahucio emitida a partir de entonces."* 32 L.P.R.A. § 2832.