Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| THREE BROTHERS, CORP.<br><br>Apelado<br><br>v.<br><br>ÁNGEL LUIS ORTEGA NIEVES<br><br>Apelante | KLAN202400458 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. BY2021CV04739<br><br>Sala: 403<br><br>Sobre:<br><br>DESAHUCIO EN PRECARIO |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2024.

Comparece ante nos el señor Ángel Luis Ortega Nieves (en adelante "Sr. Ortega Nieves" o "Apelante"), quien nos solicita que revoquemos la Sentencia emitida el 21 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante "TPI"). Mediante dicha Sentencia, el TPI anotó la rebeldía del Apelante y, en consecuencia, declaró *CON LUGAR* la Demanda enmendada y desestimó la Reconvención.

Por los fundamentos que exponemos a continuación, se ***desestima*** el recurso por ser prematuro.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración, según surgen de los autos del caso.

En noviembre de 2021 Three Brothers Corporation (en adelante "Apelado" o "la Corporación") presentó una

Demanda sobre desahucio en precario contra el Sr. Ortega Nieves. Así las cosas, el Apelante presentó su Contestación a Demanda y Reconvención. Posteriormente, el 8 de agosto de 2022, el aquí apelado presentó una Demanda Enmendada incluyendo una reclamación de daños y perjuicios por los daños económicos sufridos al no poder utilizar su propiedad.

Luego de varios trámites procesales, la Corporación le informó al TPI sobre una serie de incumplimientos en los que había incurrido el Apelante y que atrasaron los procedimientos. Conforme a lo anterior, el TPI le concedió al Apelante un término de 10 días para expresar su posición. Sin embargo, el Apelante tampoco cumplió con dicho dictamen ni con las múltiples Órdenes que el TPI emitió a partir de ese momento.[1] A raíz de lo anterior, y conforme a la Regla 45.1 de Procedimiento Civil[2], el TPI le anotó la rebeldía al Apelante, declarando *CON LUGAR* la Demanda enmendada y desestimando la Reconvención. Además, el TPI le impuso al Sr. Ortega Nieves honorarios por temeridad por haber "*abandonado el caso en claro menosprecio a las órdenes del Tribunal.*"[3]

-II-

**A. Falta de Jurisdicción ante un recurso prematuro**

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y

---

[1] Según surge del recurso apelativo, el Lcdo. David Rodríguez Vargas asumió la responsabilidad de los incumplimientos a las Órdenes del Tribunal al señalar que enfrentó una seria condición de salud que le imposibilitó comunicarse con el Sr. Ortega Nieves a fin de mantenerlo informado sobre los trámites del caso.
[2] 32 LPRA Ap. V, R. 45.1.
[3] Véase Sentencia emitida el 21 de marzo de 2024 por el TPI, pág. 2. Cabe señalar que, según se desprende del recurso, el Sr. Ortega Nieves no recibió ninguna de las notificaciones sobre las sanciones impuestas por el TPI, toda vez que estas fueron devueltas al tribunal, razón por la cual desconocía lo que estaba ocurriendo con el caso.

controversias.[4] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[5]

Un recurso prematuro es aquel que se presenta en el tribunal antes de que este tenga jurisdicción.[6] Por lo tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo.[7] Cabe señalar que, aunque las partes no lo planteen, el tribunal viene obligado a velar por su jurisdicción.[8] Una vez el tribunal determina que no tiene jurisdicción, procede la desestimación del caso.[9]

### B. Fianza en Apelación

El Código de Enjuiciamiento Civil de Puerto Rico[10] dispone las normas vigentes sobre la acción de desahucio y establece el procedimiento sumario a seguir en su trámite judicial. De igual manera, regula el término para apelar, así como el modo de efectuar la apelación de una sentencia condenatoria de desahucio y de eventual lanzamiento de la propiedad. Uno de los requisitos esenciales para el perfeccionamiento del recurso apelativo es la prestación de fianza. Sobre este particular, el Artículo 630 del Código de Enjuiciamiento Civil dispone lo siguiente:

---

[4] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[5] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[6] *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997).
[7] *Íd.*
[8] *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991); *Soc. De Gananciales v. A.F.F.*, 108 DPR 644 (1979).
[9] *Freire Ayala v. Vista Rent*, 169 DPR 418 (2006).
[10] 32 LPRA 253 *et seq.*

> No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia.[11]

Asimismo, el Tribunal Supremo ha expresado que el requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago.[12] La razón es sencilla y es que "*la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad afectada mientras se dilucida la apelación.*"[13]

La presentación de la fianza o consignación de los cánones debe presentarse dentro del término dispuesto para presentar el recurso de apelación.[14] Se trata de un requisito sin el cual el foro apelativo no adquiere jurisdicción.[15] Por ello, este requerimiento tiene que ser estrictamente cumplido por la parte apelante.[16] Sólo están exentos de presentar la fianza o de consignar la deuda aquellos apelantes que hayan sido declarados insolventes por el foro de instancia a los fines de litigar libre de pago.[17]

---

[11] 32 LPRA sec. 2832.
[12] *Blanes v. Valldejuli*, 73 DPR 2 (1952).
[13] *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 413-414 (2009); *Acosta et al. v. S.L.G. Ghigliotti*, 186 DPR 984, 989-990 (2012).
[14] *Rodríguez Negrón v. Morales García,* 105 DPR 877, 880 (1977).
[15] *González v. López*, 69 DPR 944, 946-947 (1949); *López v. Pérez*, 68 DPR 312, 315 (1948).
[16] *Del Castillo v. Del Castillo*, 44 DPR 554 (1933).
[17] *ATPR v. SLG Volmar Figueroa,* 196 DPR 5, 12 (2016).

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente y a la luz del derecho aplicable, forzoso nos es desestimar el presente recurso por falta de jurisdicción.

En el caso de autos el Apelante fue objeto de una demanda de desahucio en precario, la cual fue declarada *Con Lugar* mediante Sentencia. Ante la posibilidad de que el Sr. Ortega Nieves apelara la Sentencia dictada, el TPI tenía el deber de imponerle una fianza al Apelante a fin de brindarle protección al Apelado y que el recurso apelativo pudiera quedar perfeccionado. De la Sentencia que obra en los autos del caso no surge que el TPI haya impuesto tal fianza.

Por lo tanto, ante un escenario como el de autos, el Tribunal de Apelaciones carece de jurisdicción para atender el asunto.

-IV-

Por los fundamentos antes expuestos procede la desestimación del recurso por falta de jurisdicción, particularmente, por ser prematuro.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones