GUILLERMO VIVAS VALDIVIESO, demandante y apelado, *v.* NICOLÁS PETRILLI y su esposa· NORBERTA SÁNCHEZ, demandados y apelantes.

Núm. 9414.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Noviembre 18, 1946.

*R. Hernández Matos,* abogado de los apelantes; *Agustín E. Font* y *J. Guillermo Vivas,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante apelado solicita la desestimación de este recurso, alegando que los demandados apelantes dejaron transcurrir en exceso el término fijado por la ley (Artículo 12 Ley de Desahucio, artículo 631 del Código de Enjuiciamiento Civil, 1933, según fué enmendado por la Ley núm. 170 de mayo 9 de 1942, (1) pág. 889), para radicar la fianza y perfeccionar la apelación, sin haber radicado fianza alguna dentro de dicho término.

La sentencia recurrida fué dictada el día 15 de agosto de 1946, ordenando el desahucio de los demandados. Estos apelaron el día 20 de agosto de 1946, al serles notificada la sentencia, y el mismo día pidieron a la corte sentenciadora que señalara la fianza que deberían prestar para perfeccionar su apelación. El 22 del mismo mes la corte dictó una orden, la cual fué notificada a los apelantes en esa misma fecha, fijando en $200 el importe de la fianza.

En septiembre 28, 1946, no habiéndose radicado aún fianza alguna, el demandante apelado radicó la moción de desestimación que estamos considerando.

En su oposición a la desestimación del recurso, alegan los apelantes que ellos prestaron la fianza el día 11 de octubre de 1946, depositando en la secretaría del tribunal la suma de $200 en efectivo; y arguyen, que al hacer dicho depósito el recurso quedó perfeccionado, toda vez que, según alegan, el artículo 631 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 170 de 1942, no

exige como requisito indispensable para poder ejercitar el recurso de apelación que la consignación de la suma adeudada o la prestación de fianza deban quedar formalizadas dentro del término concedido para la apelación.

██ El artículo 630 del Código de Enjuiciamiento Civil (Art. 11 Ley de Desahucio) dispone que las apelaciones en casos de desahucio "deberán interponerse en el término de cinco (5) días, contados desde la fecha en que fueren notificadas de la sentencia por el secretario de la corte correspondiente, las partes perjudicadas por la misma o sus abogados."

El artículo 631 del mismo Código (Art. 12 Ley de Desahucio), antes de la enmienda de 1942, disponía:

"No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

El artículo 631, según quedó enmendado por la citada Ley núm. 170 de 1942, dice así:

"No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación; pudiendo el demandado cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría, el importe del precio de la deuda hasta la fecha de la sentencia."

El propósito fundamental de la enmienda fué el de eximir al demandado en un caso de desahucio de la obligación de consignar en secretaría, en efectivo, el importe del precio

adeudado hasta la fecha de la sentencia, como condición previa para poder establecer el recurso de apelación, dejando a elección de dicho demandado apelante el consignar la suma adeudada en la secretaría u otorgar una fianza para garantizar su pago.

El término para otorgar la fianza o consignar en secretaría está clara y específicamente fijado por el artículo 630 y por el 631, según quedó enmendado, supra, al disponer que "no se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante y de las costas de la apelación." Si de acuerdo con el artículo 630 el término para que se pueda admitir una apelación es el de cinco días contados desde la fecha de la notificación de la sentencia, la prestación de fianza o la consignación de la suma adeudada deberá necesariamente hacerse dentro de ese mismo término de cinco días, pues de no hacerse así, la corte carecerá de jurisdicción para admitir y conocer del recurso. El párrafo tercero del artículo 631 fué sin duda alguna eliminado por superfluo.

■ Habiéndose prestado la fianza en este caso el día 11 de octubre de 1946, o sea cincuenta y dos días después de la fecha en que los demandados fueron notificados de la sentencia, es inescapable la conclusión de que la apelación interpuesta por los demandados no quedó perfeccionada dentro del término fijado por el estatuto, careciendo, por tanto, esta corte de jurisdicción para conocer del recurso, *el cual debe ser desestimado*.