LYDIA E. REYES TORRES, demandante-recurrida, *v.* JOSÉ RAFAEL COLLAZO REYES, demandado-peticionario; DALIDA MATEO ESPADA, demandante-peticionaria, *v.* EDUVIGES RIVERA ALVARADO, demandado-recurrido.

*Números:* CE-86-466, CE-86-467          *Resueltos:* 29 de abril de 1987

*Jorge Rafael Collazo Sánchez,* de Servicios Legales de P.R., Inc., abogado de los peticionarios.

PER CURIAM: Estos expedientes consolidados llevan una trayectoria procesal común consistente en haber el juez resuelto ambos casos después de entrevistarse en cámara con los abogados de las partes, sin récord de lo allí acontecido. En dichos recursos el Juez Superior designado, Hon. Orlando Velázquez Iglesias, dictó resolución en la que afirmó que las partes estipularon someter el caso por el informe de la trabajadora social, por lo que conforme con los hallazgos de la investigación denegó la petición de relaciones paterno-filiales. En *certiorari* las partes recurrentes alegan que no hubo tal acuerdo para dejar el caso sometido por el informe y que, por el contrario, se reservaron el derecho a rebatirlo con prueba en corte abierta. Solicitamos las transcripciones de las vistas celebradas en ambos casos. Habiéndolas examinado, procedemos a la inmediata revocación de las resoluciones de instancia.

I

En ambos casos, varios años después del divorcio, el padre que había sido privado de la custodia de los niños acudió ante el tribunal para reclamar su derecho a tener relaciones paterno-filiales. *Sterzinger* v. *Ramírez,* 116 D.P.R. 762 (1985). El foro de instancia, a los efectos de regular las futuras relacio-

nes, refirió los casos a la Oficina de Relaciones de Familia para la preparación del informe correspondiente con las recomendaciones de rigor.

Concluida la investigación se celebraron las vistas a las que comparecieron ambas partes con sus representaciones legales. Según se desprende de las transcripciones de evidencia preparadas por el taquígrafo oficial, al comienzo de las vistas el tribunal decretó un receso para permitirle a ambas partes estudiar el informe "en cámara". Aunque en la transcripción elevada no se desprende que después de la reunión "en cámara" el tribunal a quo reanudara la sesión, en su decisión en ambos casos el magistrado emitió la siguiente resolución: "Luego de las partes haberse reunido en cámara y haber estudiado y analizado el informe sometido por la Oficina de Relaciones de Familia, someten la cuestión planteada a base del informe."

■ Somos conscientes de que la mayoría de los casos de familia están revestidos de un gran contenido emocional por plantear controversias de índole afectiva. Es conveniente que en estos casos las decisiones sobre los aspectos fundamentales del pleito se tomen luego de una audiencia en corte abierta, de manera que las partes puedan participar no sólo a través de su representación legal, sino directamente, si fuera preciso.

■ Cuando por necesidad o conveniencia las partes dilucidan sus diferencias en cámara y llegan a unos acuerdos, lo correcto es que al terminar la conferencia el juez regrese a sala para continuar la sesión y una vez allí, con registro abierto, haga constar los términos y particulares acordados, con oportunidad a las partes de proponer modificaciones o enmiendas a lo vertido en récord antes de que el asunto quede sometido para decisión. El juez debe en corte abierta y para récord, preguntar a las partes si están conformes con los acuerdos. *Stout* v. *Stout*, 382 A.2d 659 (1977). De este modo se cumple

con el derecho de las partes a ser oídas. *Santana Medrano* v. *Acevedo Osorio*, 116 D.P.R. 298 (1985).

■ Contrario a lo aseverado por el magistrado de instancia en su resolución de este caso, las transcripciones revelan que en las vistas correspondientes las partes no acordaron someter sus respectivos casos a base del informe de la Oficina de Relaciones de Familia. Para que las aseveraciones de los jueces en sus sentencias mantengan la presunción de corrección, deben descansar en récord que en todo momento haga fe de haberse seguido el debido proceso de ley. Si lo acordado en una estipulación no se reduce a escrito firmado por las partes o su representación legal, ni queda grabación o récord taquigráfico de sus particulares, la parte que difiere de lo manifestado por el juez respecto al alcance o existencia de tal acuerdo queda gravemente limitada en su derecho a solicitar revisión por un tribunal de apelación. *Hartgraves* v. *Don Cartage Company*, 348 N.E.2d 457 (1976).

*Se dejan sin efecto las resoluciones recurridas y se remiten los casos a instancia para ampliación de la vista evidenciaria.*

El Juez Asociado Señor Rebollo López concurre sin opinión escrita.