# 95 DTA 64

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN IV

PLAZA DEVELOPMENT, S.E.
Demandante-Peticionaria

v.

ANGELINA BETANCOURT

Demandada-Recurrida

Núm. KLCE-95-00094

San Juan, Puerto Rico, a 20 de abril de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Plaza Development, S.E. oportunamente solicita el 13 de marzo de 1995 la revocación de la sentencia en apelación dictada el 17 de enero de 1995 por el Tribunal Superior, Sala de San Juan, revocando la sentencia por estipulación del Tribunal de Distrito.

Se trata de una acción de desahucio instada por Plaza Development contra la Sra. Angelina Betancourt por razón de remodelación del edificio en que ubicaba su negocio. Luego de una reunión en cámara, el Tribunal de Distrito dictó sentencia por estipulación aprobando un acuerdo de desalojo entre las partes. La señora Betancourt instó recurso de apelación ante el Tribunal Superior impugnando la sentencia por alegadamente no haber consentido a la estipulación. Dicho tribunal apelativo revocó el dictamen apelado basado en que no estaba en posición de pasar juicio sobre la existencia de la estipulación, toda vez que no había constancia escrita alguna de ésta. Posteriormente, declaró sin lugar el planteamiento de falta de jurisdicción de Plaza Development, al resolver que por estar al día en el pago de las rentas, quedaba relevada de la prestación de fianza en apelación. Citó en apoyo de lo anterior el caso de *Blanes v. Valldejuli,* 73 D.P.R. 2 (1952).

Ante nos Plaza Development plantea que el Tribunal Superior erró al asumir jurisdicción sin requerir se prestara fianza en apelación y al revocar la sentencia apelada.

Por su parte, la señora Betancourt solicita la desestimación del recurso alegando que el recurso de *certiorari* no era el procedente y que se incumplió con el Reglamento del Tribunal de Circuito de Apelaciones (el Reglamento), puesto que no se incluyeron en el recurso copias de las alegaciones de la recurrida ante el tribunal de instancia.

En cuanto al primer planteamiento de la solicitud de desestimación, Plaza Development presentó el recurso correcto ya que de conformidad con la Regla 18 (B)(2)(c) del Reglamento procede el *certiorari* de cualquier sentencia del Tribunal de Primera Instancia, para la cual no se hubiere establecido procedimiento específico en el Reglamento o en la Ley de la Judicatura de 1994. Ese es el caso del presente procedimiento. Respecto al segundo planteamiento, si bien es cierto que Plaza Development no incluyó las alegaciones de la señora Betancourt, que ésta nos somete y que reiteran sus alegaciones de que no medió estipulación, entendemos que con los documentos incluidos en el recurso este Tribunal se encuentra en condiciones para pasar juicio sobre el mismo. A base de éstos, entendemos que no procede la expedición del recurso por los señalamientos que formulamos a continuación.

El artículo 631 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sección 2832, que regula el procedimiento especial de desahucio, dispone que no se admitirá al demandado el recurso de apelación hasta tanto preste fianza para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación. *En Blanes v. Valldejuli, supra,* pág. 5, expresamente se resolvió que la fianza en apelación es un requisito jurisdiccional en toda clase de desahucio, sea o no por falta de pago. Por ende, la utilización de dicha jurisprudencia por el Tribunal Superior como fundamento para su decisión, es incorrecta.

No empece lo anterior, entendemos que el tribunal no incidió al resolver que la prestación de fianza no era un requisito jurisdiccional bajo las circunstancias de este caso. Sabido es que la revisión de una sentencia se da contra ésta y no por sus fundamentos. De ahí la norma de que procede la confirmación de la sentencia recurrida cuando el resultado es correcto aunque el fundamento sea erróneo en derecho. *Díaz Martínez v. Policía,* ___ D.P.R. ___ (1993), **93 J.T.S. 122,** pág. 11048.

Basamos nuestra apreciación en la naturaleza del dictamen emitido por el Tribunal de Distrito que dio lugar al procedimiento apelativo instado por la señora Betancourt.

Una estipulación suscrita por las partes y aceptada por el tribunal que pone fin a un pleito ya comenzado, es un contrato de transacción. *Febus v. MARPE Construction Corp.,* ___ D.P.R. ___ (1994), **94 J.T.S. 19,** pág. 11547; *Sucn. Román v. Shelga Corp.,* 111 D.P.R. 782 (1981). La sentencia dictada en virtud de una estipulación tiene el mismo alcance y eficacia que la que se dicta en casos vistos en sus méritos, en cuanto a que obliga a las partes y cons-

tituye cosa juzgada. *Pérez v. Tribunal de Distrito,* 70 D.P.R. 656, 660 (1949); *Rodríguez v. Zayas,* \_\_\_ D.P.R. \_\_\_ (1993), **93 J.T.S. 75**, pág. 10721; Artículo 1715 del Código Civil, 31 L.P.R.A. sección 4827.

No obstante, siendo el contrato de transacción la base de una sentencia por estipulación, su validez estará sujeta a la existencia de los elementos de todo contrato: consentimiento, objeto y causa. Artículo 1213 del Código Civil de Puerto Rico, 31 L.P.R.A. sección 3391; J. Puig Brutau, *Fundamentos de Derecho Civil,* Barcelona, Bosch, 2da ed., 1982, Vol. II, T. II, pág. 639. Así lo reconoció el Tribunal Supremo al resolver que una sentencia dictada a base del allanamiento nulo de los demandados, es nula y por ende, constituye una excepción a la doctrina de cosa juzgada. *Vidal v. Monagas,* 66 D.P.R. 622, 635-636 (1946); *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 736 N.6 (1978). En conclusión, la ausencia de uno de los elementos constitutivos de un contrato torna nula, o sea inexistente, la sentencia que lo adopta, por lo que, la controversia que ésta intentó poner fin, estará aún viva█

En este caso la señora Betancourt recurrió en alzada alegando que nunca prestó su consentimiento para dar por terminado el litigio. En vista de ello y de lo antes expuesto, realmente no estamos ante un recurso apelativo en el cual se cuestiona un procedimiento que culminó en sentencia por haberse probado la causal del desahucio, con el propósito de que se revoque y dicte otra decretando la improcedencia del desahucio. En este caso estamos, no ante un ataque del decreto de desahucio, sino de la propia existencia del decreto.

Siendo el propósito del artículo 631 del Código de Enjuiciamiento Civil, *supra,* proteger a un demandante de los daños y perjuicios que la dilación en ejecutar su derecho al desahucio le ocasiona la presentación de una apelación, es razonable concluir que no existe derecho que proteger mediante la prestación de fianza cuando hay ausencia de un decreto válido.

Tomando en consideración lo antes expuesto, no erró el Tribunal Superior al no exigir su pago en este caso y negarse a reconsiderar su sentencia, puesto que el demandante nunca llegó a probar su caso.

En cuanto al planteamiento de que no procedía la revocación de la sentencia por estipulación, éste carece de todo fundamento. El Tribunal Supremo ha expresado que, para mantener la presunción de corrección que de ordinario gozan sus dictámenes, los jueces deben vertir para récord las aseveraciones que hagan en sus sentencias. *Reyes Torres v. Collazo Reyes,* 118 D.P.R. 730, 733 (1987). En ese caso señaló, además, que:

*"Si lo acordado en una estipulación no se reduce a escrito firmado por las partes o su representación legal, ni queda grabación o récord taquigráfico de sus particulares, la parte que difiere de lo manifestado por el juez respecto al alcance o existencia de tal acuerdo queda gravemente limitada en su derecho a solicitar revisión por un tribunal de apelación."*

Por lo tanto, ante la ausencia de constancia escrita sobre el alegado acuerdo entre Plaza Development y la señora Betancourt y al no vertirse para récord un resumen de lo acontecido en cámara, el Tribunal Superior actuó correctamente al revocar la sentencia por estipulación del Tribunal de Distrito. En esas circunstancias, como antes indicado, la sentencia dictada no podía prevalecer.

En atención a todos los fundamentos antes expuestos, se deniega la expedición del recurso.

El Juez Miranda De Hostos emitió voto disidente y desestimaría el recurso por falta de perfeccionamiento.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

## ESCOLIO 95 DTA 64

1. *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 689 (1979).

---

## VOTO DISIDENTE DEL JUEZ DE APELACIONES
## SR. MIRANDA DE HOSTOS — 95 DTA 64

San Juan, Puerto Rico, a 20 de abril de 1995

Respetuosamente disiento de la sentencia dictada por los siguientes fundamentos.

La parte peticionaria radicó un recurso de *certiorari* de una sentencia dictada el día 17 de enero de 1995, por el Tribunal Superior, Sala de San Juan. En la misma se revocó en apelación una sentencia por estipulación del Tribunal de Distrito, Sala de San Juan, dictada el 21 de abril de 1994, de una demanda de desahucio, presentada por la aquí peticionaria██ El Tribunal Superior fundamentó su sentencia, bajo el principio que faltaba; *"...constancia del consentimiento a la estipulación en el expediente...";* lo cual imposibilitaba que el tribunal pasara juicio sobre la existencia de la estipulación.

De esta sentencia, acude la peticionaria ante nuestra consideración en revisión, señalando que incidió el Tribunal Superior, al dictar la sentencia en apelación cuando no tenía jurisdicción para resolver el recurso; y como segundo error, que alegadamente el consentimiento para dictar la sentencia por estipulación, fue dado por la parte aquí recurrida.

Para los fines de esta opinión solamente procederé a discutir el planteamiento jurisdiccional, por entender que el mismo resuelve la controversia, sin necesidad de entrar en el otro error señalado.

El Art. 631 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2832, dispone:

*"No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría el importe del precio de la deuda hasta la fecha de la sentencia."* (Enfasis Suplido).

Es norma de hermeneútica legal que; *"Cuando una ley es clara, libre de toda ambiguedad, la letra de ella no debe ser menospreciada bajo pretexto de cumplir su espíritu."* Art. 14 del Código Civil, 31 L.P.R.A. sec. 14. En cuanto a los alcances de este principio de derecho el Tribunal Supremo ha sido enfático al pronunciar que: *"El texto claro de la ley es la expresión por excelencia de su intención legislativa."* *Rodríguez v. Gobernador*, 91 D.P.R. 101,107 (1964); *Torres González v. Star Kist Caribe. Inc.*, **94 J.T.S. 5.**

De una lectura del Art. 631 del Código de Enjuiciamiento Civil, *supra*, se puede concluir por su lenguaje claro y específico lo siguiente. El legislador determinó específicamente que la parte demandada que apele una sentencia de desahucio, tendrá que prestar u otorgar fianza a satisfacción del tribunal para responder de los daños y perjuicios que pueda ocasionar y de las

costas. Si el desahucio es por falta de pago, (que no es la alegación en el presente caso) tendrá la alternativa, de consignar el importe de la deuda, hasta la fecha de la sentencia. El requisito de otorgar o prestar fianza es de naturaleza jurisdiccional.

Esta disposición legal ha sido interpretada de manera clara y específica por el Tribunal Supremo de Puerto Rico, en el caso *Blanes v. Valldejuli*, 73 D.P.R. 2, 5 (1952), a los fines de que en todo recurso de apelación en casos de desahucio, el apelante deberá prestar fianza. Si el apelante no presta u otorga la fianza dentro del término fijado, el recurso será desestimado por falta de jurisdicción.

En el caso ante nuestra consideración la parte recurrida no prestó u otorgó la fianza en apelación, por lo cual el Tribunal Superior, Sala de San Juan, no tenía jurisdicción para entender en el recurso. Los tribunales de justicia no tienen discreción para asumir jurisdicción donde no la hay. *Maldonado v. Pichardo*, 104 D.P.R. 778, 782 (1976); *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 840 (1980). De otra parte: *"Toca a los tribunales el deber de ser guardianes de su propia jurisdicción."* *López Rivera v. Autoridad de Fuentes Fluviales*, 89 D.P.R. 414, 419 (1963); *Gobernador de Puerto Rico v. Alcalde de Juncos*, 121 D.P.R. 522, 530 (1988).

En cuanto a la conclusión de derecho a la que llegó la mayoría al resolver que la fianza en apelación en este caso no era necesaria y citamos de la sentencia:

*"En este caso estamos, no ante un ataque del decreto de desahucio, sino de la propia existencia del decreto. Siendo el propósito del artículo 631 del Código de Enjuiciamiento Civil supra, proteger a un demandante de los daños y perjuicios que la dilación en ejecutar su derecho al desahucio le ocasione la presentación de una apelación, es razonable concluir que no existe derecho que proteger mediante la prestación de fianza cuando hay ausencia de un decreto válido."*

Discrepo de esta conclusión de la mayoría, por entender que la excepción que se crea es contraria a derecho. La adjudicación que eventualmente haga el tribunal en apelación, sobre la no existencia o nulidad de una sentencia de desahucio apelada, no es el criterio para determinar si se tiene que otorgar o prestar fianza al momento de presentar el recurso en apelación. El Art. 631 del Código de Enjuiciamiento Civil, *supra*, es claro en su redacción, y toda la jurisprudencia interpretativa sobre el requisito de prestar u otorgar fianza en apelación como requisito jurisdiccional en casos de desahucio, así lo reiteran sin hacer excepción o clasificación alguna. Véase, entre otros; *Oliver v. Soto*, 57 D.P.R. 418, 425-426 (1940); *Cordero v. Corte*, 59 D.P.R. 825, 832 (1942); *Vivas v. Petrilli*, 66 D.P.R. 653-656 (1946). Concluyo que la sentencia dictada en apelación por el Tribunal Superior, es nula por haberse dictado sin jurisdicción, al no haberse prestado u otorgado la fianza por la parte aquí recurrida-apelante en instancia conforme lo establece el Art. 631 del Código de Enjuiciamiento Civil, Supra. Cf. *E.L.A. v. Tribunal Superior*, 86 D.P.R. 692, 697 (1974). Citado como autoridad en *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 689 (1979).

Por los anteriores fundamentos disiento de la opinión de la mayoría. No obstante, entiendo que procede la desestimación del presente recurso de *certiorari*, bajo el principio legal de que la parte peticionaria no cumplió con el perfeccionamiento del mismo, al no presentar las alegaciones de la parte recurrida. Regla 19(E) del Reglamento del Tribunal de Circuito de Apelaciones.

JOSE L. MIRANDA DE HOSTOS
Juez de Apelaciones

**ESCOLIOS VOTO DISIDENTE DEL JUEZ DE APELACIONES
SR. MIRANDA DE HOSTOS — 95 DTA 64**

**1.** La causal de la demanda de desahucio alegadamente, era por motivo de remodelar el edificio. Del recurso radicado ante este tribunal, se desprende que la parte recurrida estaba al día en los cánones de arrendamiento.

**2.** Sobre la nulidad de sentencia, existe el recurso dispuesto en la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III R 49.2.