Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MANGO TREE PROPERTIES, LLC<br><br>Apelada<br><br>V.<br><br>YAMIL COLÓN NÚÑEZ, SU ESPOSA FULANA DE TAL, Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; ASÍ COMO PABLO VARONA BORGES; Y **PASEO 13, INC.**<br><br>Apelante | KLAN202400393 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV02740<br><br>Sobre: Desahucio en Precario Procedimiento Sumario |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2024.

El 18 de abril de 2024, compareció ante este Tribunal de Apelaciones Paseo 13, Inc., (en adelante, Paseo 13 o parte apelante), mediante recurso de *Apelación.* En el mismo nos solicita que revisemos la *Sentencia* emitida el 10 de abril de 2024 y notificada el 11 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Demanda* presentada el 21 de marzo de 2024 por Mango Tree Properties, LLC (en adelante Mango Tree o parte apelada) en cuanto al desahucio de Paseo 13 y desestimó sin perjuicio, la reclamación de *Reconvención* instada por la parte apelante.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I**

El caso que nos ocupa dio inicio el día 21 de marzo de 2024, cuando Mango Tree interpuso ante el Tribunal de Primera Instancia una *Demanda* de desahucio en precario en contra del Sr. Yamil Colón Núñez por sí y en representación de la Sociedad Legal de Bienes Gananciales que compone con la señora Lucy De Jesús Pagán, así como contra Pablo Varona Borges y Paseo 13, Inc. En apretada síntesis, Mango Tree alegó que, estos últimos han ocupado ilegalmente, sin contrato y sin derecho alguno la posesión material y disfrute de una propiedad ubicada en el 13 Paseo de Diego, San Juan, Puerto Rico, perteneciente a Mango, Tree. Aseveró que estos se han negado a desocupar la propiedad, a pesar de habérsele requerido expresamente. Mango Tree alegó, además, que la propiedad en cuestión ha pertenecido por décadas a los miembros y administradores de la compañía, lo que subraya la importancia de su pronta restitución.

En cuanto al señor Yamil Colón Núñez, la señora Lucy De Jesús Pagán y la Sociedad Legal de Bienes Gananciales compuesta entre ambos, Mango Tree alegó que estos invadieron y ocuparon la propiedad ubicada en 13 Paseo de Diego y procedieron a arrendarle la misma al señor Pablo Varona Borges y a Paseo 13, Inc., de la cual este último es el agente residente, presidente y secretario.

Mango Tree le solicitó al foro primario que ordenara el desalojo de los que ocupaban ilegalmente la propiedad y que les ordenara el pago de los honorarios, costas y gastos a su favor.

Diligenciados los Emplazamientos y Citación por Desahucio el 9 de abril de 2024, compareció ante el foro primario Pablo Varona Borges & Paseo 13, Inc., mediante *Moción Asumiendo representación Legal, Contestación a la Demanda, Reconvención y Solicitud para descalificar al Bufete Villarrubia, LLC.* En esencia, negaron las alegaciones de la *Demanda*. Entre sus defensas afirmativas, arguyó

que, Paseo 13, a través de sus miembros, pusieron fin a las condiciones de abandono de la propiedad, le hicieron arreglos y reparaciones; invirtieron tiempo, dinero y esfuerzo en habilitar la propiedad y que Mango Tree pretende enriquecerse injustamente de los arreglos que se le hicieron a la aludida propiedad. Por tal razón, reclamó una suma no menor de cinco mil cincuenta y cinco dólares con veintiocho centavos ($5,055.28).

En la *Reconvención* reiteró que, durante los últimos cuatro años Paseo 13 estuvo realizando arreglos, reparaciones e inversiones en la propiedad objeto de la controversia, que se encontraba en condiciones precarias e inhabitables. Alegó, además que, la Notaria Nicole Stowell Alonso el 1ro de septiembre de 2023, otorgó la escritura de donación, a pesar de ser testigo del caso y abogada del bufete de la parte apelada.

Finalmente, acaecidas varias incidencias procesales, innecesarias pormenorizar, el 9 de abril de 2024 se celebró la vista evidenciaria para dirimir la procedencia del desahucio. Subsiguientemente, el 10 de abril de 2024, el foro *a quo* emitió la *Sentencia* apelada mediante la cual declaró Ha Lugar la *Demanda* en cuanto al desahucio de Paseo 13 y desestimó sin perjuicio, la *Reconvención* instada por la parte apelante.

En su *Sentencia* el Tribunal de Primera Instancia, consignó las siguientes determinaciones de hechos:

1. La demandante Mango Tree es la titular de la propiedad ubicada en 13 Paseo de Diego, San Juan, Puerto Rico y descrita en la Escritura número 7, del 1 de septiembre de 2023, otorgada ante la Notaria Nicole Stowell Alonso.

2. El 8 de abril de 2023 se emitió una Resolución Corporativa de Mango Tree Properties, L[LC], mediante la cual se autoriza al Sr. Basil Andrew McManus t/c/c Drew McManus a comparecer en estos procedimientos en representación de dicha compañía.

3. El Sr. Pablo Varona Borges est[á] autorizado a representar en este caso a Paseo 13.

4.  No existe un contrato de arrendamiento entre Mango Tree y Paseo 13 con relación a la propiedad ubicada en 13 Paseo de Diego, San Juan, Puerto Rico y descrita en la Escritura número 7, del 1 de septiembre de 2023, otorgada ante la Notaria Nicole Stowell Alonso.

5.  Paseo 13 se encuentra actualmente ocupando la propiedad ubicada en 13 Paseo de Diego, San Juan, Puerto Rico y descrita en la Escritura número 7, del 1 de septiembre de 2023, otorgada ante la Notaria Nicole Stowell Alonso.

Además, el foro primario concluyó lo siguiente:

**POR TODO LO CUAL**, tras atender las particularidades del caso a la luz de la norma aplicable y los fundamentos antes expuestos, se dicta Sentencia declarando **HA LUGAR** la demanda en cuanto al Desahucio de Paseo 13 y se desestima sin perjuicio la reclamación de Reconvención presentada por Paseo 13.

Se dispone conforme al Artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA § 2832, una fianza en apelación de **$100.00** en caso de recurrirse de la presente Sentencia.

El Recurso de Apelación a esta Sentencia deberá interponerse en el término de cinco (5) días contados desde su notificación. Artículo 629 del Código de Enjuiciamiento Civil de 1933, según enmendado por la Ley Núm. 86 de 5 de junio de 2011.

Por último, se tiene a la parte demandante por desistida de la presente causa de acción contra el demandado Pablo Varona Borges, en virtud de lo de la Regla 39.1 (a) de las Reglas de Procedimiento Civil, se ordena el cierre y archivo del caso por desistimiento, con perjuicio en cuanto a este. Asimismo, el Tribunal aprueba la estipulación alcanzada con los demandados Yamil Colón Núñez, su esposa Lucy De Jesús Pagan, y [l]a Sociedad Legal de Bienes Gananciales compuesta por ambos, en sus precisos términos y condiciones. Así, estos se atenderán al estricto cumplimiento de lo estipulado y de esta Sentencia. Se les apercibe que, de no cumplir con el acuerdo, la parte demandante podrá solicitar el lanzamiento.

Se dicta esta Sentencia sin la imposición de costas, gastos, ni honorarios de abogado únicamente en cuanto a los demandados Pablo Varona Borges, Yamil Colón Núñez, su esposa Lucy De Jesús Pagan, y [l]a Sociedad Legal de Bienes Gananciales compuesta por ambos.

El 16 de abril de 2024, Paseo 13 presentó *Moción de Reconsideración para Relevo de Fianza en Apelación.* La primera

instancia judicial emitió y notificó el 16 de abril de 2024 *Orden Nhl Sin Efecto Fianza en Apelación*, la cual se transcribe a continuación:

Nada que proveer por falta de jurisdicción. Adviértase que el Artículo 630 del Código de Enjuiciamiento Civil no permite eximir del pago de fianza en apelación por la naturaleza de la representación legal del demandado, *Mar[í]a Luis Blanes v. Alberto Valdejuli y Pilar Muñiz*, 73 DPR 2 (1952). Asimismo, al procedimiento sumario de desahucio no le asiste el derecho a solicitar reconsideración en el TPI, véase el Artículo 629 del mismo ordenamiento jurídico. A esos efectos, nuestro Tribunal Supremo ha expresado que la característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales, conlleva acortar términos, en ocasiones, hacerlos improrrogables y prescindir de ciertos trámites comunes al procesos ordinarios sin negar al demandado o querellado una oportunidad real de presentar efectivamente sus defensas. Se acepta que estos procedimientos sumarios, en el fondo, constituyen unos tratos privilegiados y que su justificación responde a un interés gubernamental legítimo de atender prioritariamente ciertas causas de acción. Por ser la excepción, su aplicación está limitada a situaciones expresas en que la Asamblea Legislativa ha reconocido la necesidad y trascendencia de reparar, en un breve plazo, algún agravio. *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234 (1992).

Inconforme, la parte apelante acudió ante este foro revisor mediante recurso de *Apelación* y esgrimió los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al desestimar la Reconvención presentada por Paseo 13, pese a que esta tenía un derecho a retener la propiedad hasta tanto se le compensara por los costos incurridos en la limpieza y rehabilitación de la propiedad abandonada por la parte demandante-apelada, antes de que se ordenara su desahucio.

2. Erró el Tribunal de Primera Instancia al no descalificar al Bufete Villarrubio como representante legal de la parte demandante-apelada, a pesar de que las circunstancias particulares de este caso y la apariencia de parcialidad de la notaria, empleada y testigo del bufete, contravienen en el principio de la fe pública notarial e impiden que el Bufete Villarrubio represente a la apelada.

3. Erró el Tribunal de Primera Instancia al no relevar de imposición de la fianza en apelación a la parte demandada-apelante, a pesar de esta estar representada por la Clínica de Asistencia Legal de

la Facultad de Derecho de la Universidad Interamericana de Puerto Rico.

El 26 de abril de 2024, la parte apelada compareció mediante *Alegato en Oposición a Recurso de Apelación y Solicitud de Desestimación.*

Con el beneficio de la comparecencia de las partes procedemos a resolver.

**II**

**A. *Desahucio***

Respecto a la acción de desahucio, nuestro Máximo Foro ha expresado que esta es "el mecanismo que tiene el dueño o la dueña de un inmueble para recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna". *Cooperativa v. Colón Lebrón,* 203 DPR 812, 820 (2020); *Payano v. Cruz,* 2022 TSPR 78 (2022). El desahucio puede ser solicitado mediante un proceso sumario u ordinario. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235, 240 (2018). El procedimiento de desahucio sumario está reglamentado por los Arts. 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. *Íd.*; *Payano v. Cruz,* supra; *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 9 (2016). Esta reglamentación responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido. *Íd.*; *Cooperativa v. Colón Lebrón,* supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez,* supra, pág. 240. El objetivo de la acción de desahucio es recuperar la posesión de hecho de un bien inmueble. *ATPR v. SLG Volmar-Mathieu,* supra, pág. 10. Según el Art. 620 del Código de Enjuiciamiento Civil, las personas que pueden instar una acción de desahucio son los dueños de la finca,

sus apoderados, los usufructuarios o cualquier otro que tenga derecho a disfrutarla y sus causahabientes. 32 LPRA sec. 2821.

El Código de Enjuiciamiento Civil es el cuerpo legal que articula las normas vigentes sobre esta acción. 32 LPRA 2821, *et seq.* Con relación al proceso de apelación de un desahucio, la Ley de Desahucio contiene un procedimiento especial. *Acosta et al. v. Torres S.L.G. Ghigliotti*, 186 DPR 984, 989 (2012).

De otra parte, el procedimiento sumario de desahucio está reglamentado en los Artículos 620 a 634 del Código de Enjuiciamiento Civil, 32 LPRA § 2821-2838. Es preciso señalar que, mediante la Ley Núm. 86-2011, se enmendó el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA § 2831, con el fin de reducir el término para apelar una sentencia de desahucio.

Dicho Artículo dispone específicamente lo siguiente:

Las apelaciones deberán interponerse en el término de cinco (5) días contados desde la fecha del archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

En el antes citado estatuto, el legislador plasmó su clara intención en la Exposición de Motivos, que en su parte pertinente dispone:

Las personas que optan por ofrecer sus viviendas para alquiler son selectivas en el proceso, con el fin de minimizar su riesgo como arrendador. A manera de ejemplo, una de las principales quejas de éstos es que el trámite de desahucio resulta muy extenso en los tribunales, debido a, entre otras cosas, constantes suspensiones, lo que resulta en consecuencias desfavorables para el arrendador.

Como bien se puede apreciar, el término jurisdiccional de treinta (30) días para apelar las determinaciones de los tribunales de primera instancia se redujo en la nueva ley a cinco (5) días. El texto del Art. 629, según enmendado, dispone que "[l]as apelaciones deberán interponerse en el término de cinco (5) días contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados".

Así, la sentencia de desahucio, de conformidad con el artículo 630 del Código de Enjuiciamiento Civil, es final y firme al expirar el término de cinco (5) días desde que se notifica la misma a los demandados. *González v. López*, 69 DPR 944, 947 (1949).

### B. *Descalificación de abogado*

La Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente respecto al poder de los tribunales para supervisar la conducta de los abogados:

El Tribunal, en el ejercicio de su poder inherente de supervisar la conducta de los abogados y abogadas que postulan ante sí, podrá, a iniciativa propia o a solicitud de parte, imponer sanciones económicas o de otra naturaleza o descalificar a un abogado o abogada que incurra en conducta que constituya un obstáculo para la sana administración de la justicia o infrinja sus deberes hacia el Tribunal, sus representados(as) o sus compañeros(as) abogados(as).

Según dispuesto por nuestro ordenamiento jurídico, los procedimientos de descalificación de abogados no constituyen acciones disciplinarias de por sí. *ORIL v. El Farmer Inc.*, 204 DPR 229, 241 (2020); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 596 (2012); *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 660 (2000). Puesto que, la descalificación es una medida preventiva que tiene como fin (1) evitar posibles infracciones a los cánones del Código de Ética Profesional o (2) evitar actos disruptivos de los abogados durante el trámite de un pleito. *ORIL v. El Farmer Inc.*, supra, pág. 241; *Job Connection Center v. Sups. Econo*, supra, pág. 596. Es por lo que, los foros de instancia están facultados para evaluar y resolver las mociones de descalificación cuando estas sean presentadas en los casos que se ventilan ante sí. *Liquilux Gas Corp. v. Berríos Zaragoza*, 138 DPR 850, 864 (1995). Los jueces podrán descalificar a los abogados si ello resulta necesario para lograr la

solución justa, rápida y económica de los pleitos. *ORIL v. El Farmer Inc.,* supra, pág. 241. Nuestro más Alto Foro ha dispuesto que "[a]l evaluar lo sustantivo en la procedencia de una descalificación, los tribunales deben hacer un análisis de la totalidad de las circunstancias para valorar si la actuación del abogado constituye un acto disruptivo o si tiene el potencial de desembocar en una violación de los Cánones del Código de Ética Profesional". *Íd.* pág. 242; *Meléndez v. Caribbean Int'l News,* supra, pág. 662.

La descalificación puede darse en dos instancias, ya sea (1) por orden del tribunal *motu proprio,* o (2) cuando el Tribunal accede a solicitud de una parte. En lo pertinente, cuando la parte adversa solicita la descalificación, el Tribunal Supremo ha expresado que, la mera presentación de la moción de descalificación no conlleva automáticamente la concesión de tal petición. *ORIL v. El Farmer Inc.,* supra, pág. 242; *Liquilux Gas Corp. v. Berríos Zaragoza,* supra, pág. 864. Cuando el tribunal evalúe una moción de descalificación, deberá además evaluar la totalidad de las circunstancias de acuerdo con los siguientes factores: (1) si el solicitante de la descalificación tiene legitimación activa para invocarla; (2) la gravedad de la posible violación ética involucrada; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados implicados; (4) la etapa de los procedimientos en que surja la controversia sobre descalificación y su posible efecto en cuanto a la solución justa, rápida y económica del caso, y (5) el propósito detrás de la descalificación, es decir, si la moción se está utilizando como mecanismo para dilatar los procedimientos. *Íd.* págs. 242-243; *Liquilux Gas Corp. v. Berríos Zaragoza,* supra, págs. 864-865; *Otano v. Vélez,* 141 DPR 820, 828 (1996); *Job Connection Center v. Sups. Econo,* supra, págs. 597-598.

El juzgador de hechos podrá denegar una solicitud de descalificación presentada por una parte adversa si entiende que

esta ha sido interpuesta como una táctica dilatoria del procedimiento. *Íd.*; *Otano v. Vélez*, supra, pág. 828. También podrá ser denegada en instancias donde la solicitud sea considerada frívola o cuando se presenta con el propósito de intimidar a la parte adversa. *Job Connection Center v. Sups. Econo*, supra, pág. 598. Cuando el tribunal atiende una moción de descalificación deberá analizar si la continuación de la representación legal podría causarle perjuicio o una desventaja indebida en el caso a su solicitante. *Íd.*; *ORIL v. El Farmer Inc.*, supra, pág. 243. Asimismo, deberá sopesar el derecho que le asiste a toda persona de escoger con libertad su representación legal. *Íd.* Finalmente, el abogado contra quien se interponga la moción de descalificación tiene derecho a ser oído y a presentar prueba a su favor. *Íd.*; *Job Connection Center v. Sups. Econo*, supra, pág. 598.

En el contexto de la Regla 52.1 de Procedimiento Civil, el Tribunal Supremo resolvió que, la descalificación de un abogado tiene repercusiones que afectan potencialmente los derechos de las partes, el trámite de los procedimientos, el derecho de la libre selección de representación legal y los derechos del representante legal a ser descalificado, es por lo que, es procedente la revisión interlocutoria. *ORIL v. El Farmer Inc.*, supra, pág. 244; *Job Connection Center v. Sups. Econo*, supra, pág. 601. En estos casos, el más Alto Foro ha sido enfático en que "esperar a una apelación constituiría un fracaso irremediable de la justicia". *Íd.*; *ORIL v. El Farmer Inc.*, supra, pág. 244. En *Job Connection Center v. Sups. Econo*, supra, el Tribunal Supremo expresó que los tribunales apelativos estamos llamados a revisar la decisión sobre la descalificación, siempre y cuando se demuestre que el foro de instancia abusó crasamente de su discreción, actuó con perjuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la

intervención en esta etapa evitaría un perjuicio sustancial. *ORIL v. El Farmer Inc.*, supra, pág. 244. Además, la descalificación de un abogado no deberá imponerse ligeramente, puesto que, esta afecta aspectos tales como los derechos de las partes y el trámite de los procedimientos. *Íd.* El Tribunal Supremo ha destacado que la descalificación únicamente procederá cuando sea estrictamente necesario, pues se considera un remedio drástico que debe ser evitado si existen medidas menos onerosas que puedan asegurar la integridad del proceso judicial y el trato justo de las partes. *Job Connection Center v. Sups. Econo*, supra, pág. 597; *ORIL v. El Farmer Inc.*, supra, pág. 244.

### C. Deferencia al Tribunal de Primera Instancia

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien –de ordinario– se encuentra en mejor posición para aquilatar la prueba testifical. *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 289 (2011); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 341, 356 (2009). Bajo este supuesto, los foros de primera instancia tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Pueblo v. Hernández Doble*, supra; *Santiago Ortiz v. Real Legacy et al.*, supra; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013).

No obstante, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos no debemos intervenir con las determinaciones ni las adjudicaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o

error manifiesto. *Pueblo v. Hernández Doble*, supra; *Santiago Ortiz v. Real Legacy et al.*, supra; *Santiago Montañez v. Fresenius Medical*, 195 DPR 476, 490 (2016); *Dávila Nieves v. Meléndez Marín*, supra, pág. 753; *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *SLG Rivera Carrasquillo v. AAA*, supra.

Como sabemos, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle Abello*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Es por lo que, nuestra más Alta Curia ha definido la *discreción* como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Pueblo v. Rivera Montalvo*, supra, citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Citibank et al. v. ACBI et al.*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra; *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977). Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*,

144 DPR 651, 658 (1997); *Hietel v. PRTC*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su *primer señalamiento de error*, la parte apelante nos plantea que, incidió el foro primario al desestimar la *Reconvención* presentada por Paseo 13, pese a que esta tenía un derecho a retener la propiedad hasta tanto se le compensara por los costos incurridos en la limpieza y rehabilitación de la propiedad abandonada por la parte demandante-apelada, antes de que se ordenara su desahucio. No le asiste la razón.

Al examinar las alegaciones de la reconvención sobre este particular, notamos que, la parte apelante alegó que puso fin a las condiciones de abandono de la propiedad, le hizo arreglos y reparaciones; invirtió tiempo, dinero y esfuerzo en habilitar la propiedad en cuestión y que Mango Tree pretende enriquecerse injustamente de los arreglos que se le hicieron a la aludida propiedad. Por tal razón, reclamó una suma no menor de cinco mil cincuenta y cinco dólares con veintiocho centavos ($5,055.28)[1].

En primer lugar, en el caso que nos ocupa, de la prueba desfilada, admitida y aquilatada por el foro *a quo*, durante la vista evidenciaria surge con meridiana claridad que, nunca existió un contrato de arrendamiento entre Mango Tree y Paseo 13 con relación a la propiedad ubicada en 13 Paseo de Diego, San Juan, Puerto Rico y descrita en la Escritura número 7, del 1 de septiembre de 2023, otorgada ante la Notaria Nicole Stowell Alonso. Quedó demostrado

---

[1] La parte apelante en su *Reconvención* no explicó con suficiente especificidad en qué consistieron dichas reparaciones, ni desglosó el costo total de las mismas, con identificación de cada una de las partidas.

a satisfacción del foro primario y de este foro revisor, que Paseo 13 ha estado ocupando en precario la referida propiedad.

Por otro lado, la parte apelante no demostró ni tampoco surge del expediente que, de modo alguno, Mango Tree hubiese autorizado a Paseo 13 a ocupar la propiedad en cuestión y mucho menos, a realizar arreglos, reparaciones e inversiones en la propiedad objeto de la controversia. En vista de ello, la parte apelada no estaba obligada a resarcirle a la parte apelante la suma reclamada por tal concepto. En vista de lo anterior concluimos que, el foro primario no cometió el primer error señalado.

Como *segundo señalamiento de error*, la parte apelante sostiene que, erró el Tribunal de Primera Instancia al no descalificar al Bufete Villarrubio como representante legal de la parte demandante-apelada, a pesar de que las circunstancias particulares de este caso y la apariencia de parcialidad de la Notaria, empleada y testigo del bufete, contravienen en el principio de la fe pública notarial e impiden que el Bufete Villarrubio represente a la apelada. No nos persuade.

Sobre este particular, coincidimos con la primera instancia judicial en que, la participación de la licenciada Stowell Alonso como notaria, no es relevante a la hora de dirimir las controversias del caso, ya que no surge del expediente que esta fungiera como abogada de alguna de las partes. Tampoco está en controversia el negocio jurídico en el cual la Notario le impartió su fe notarial. Las meras alegaciones sin más, de la parte apelante, no son suficientes para descalificar al Bufete Villarubio.

Conforme surge de la exposición del derecho que hicimos previamente, nuestra Alta Curia ha resuelto que, la mera presentación de la moción de descalificación no conlleva automáticamente la concesión de tal petición. *ORIL v. El Farmer Inc.*, supra, pág. 242; *Liquilux Gas Corp. v. Berríos Zaragoza*, supra,

pág. 864. Cuando el tribunal evalúe una moción de descalificación, deberá además evaluar la totalidad de las circunstancias de acuerdo con los siguientes factores: (1) si el solicitante de la descalificación tiene legitimación activa para invocarla; (2) la gravedad de la posible violación ética involucrada; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados implicados; (4) la etapa de los procedimientos en que surja la controversia sobre descalificación y su posible efecto en cuanto a la solución justa, rápida y económica del caso, y (5) el propósito detrás de la descalificación, es decir, si la moción se está utilizando como mecanismo para dilatar los procedimientos. *Íd.* págs. 242-243; *Liquilux Gas Corp. v. Berríos Zaragoza*, supra, págs. 864-865; *Otano v. Vélez*, supra, pág. 828; *Job Connection Center v. Sups. Econo*, supra, págs. 597-598.

El juzgador de hechos podrá denegar una solicitud de descalificación presentada por una parte adversa si entiende que esta ha sido interpuesta como una táctica dilatoria del procedimiento. *Íd.*; *Otano v. Vélez*, supra, pág. 828. También podrá ser denegada en instancias donde la solicitud sea considerada frívola o cuando se presenta con el propósito de intimidar a la parte adversa. *Job Connection Center v. Sups. Econo*, supra, pág. 598. Cuando el tribunal atiende una moción de descalificación deberá analizar si la continuación de la representación legal podría causarle perjuicio o una desventaja indebida en el caso a su solicitante. *Íd.*; *ORIL v. El Farmer Inc.*, supra, pág. 243. Asimismo, deberá sopesar el derecho que le asiste a toda persona de escoger con libertad su representación legal. *Íd.* Finalmente, el abogado contra quien se interponga la moción de descalificación tiene derecho a ser oído y a presentar prueba a su favor. *Íd.*; *Job Connection Center v. Sups. Econo*, supra, pág. 598.

Respecto a nuestra facultad revisora en cuanto a la descalificación de la representación legal de una parte, nuestro Tribunal Supremo expresó en *Job Connection Center v. Sups. Econo*, supra, que, los tribunales apelativos estamos llamados a revisar la decisión sobre la descalificación, **siempre y cuando se demuestre que el foro de instancia abusó crasamente de su discreción, actuó con perjuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitaría un perjuicio sustancial.** *ORIL v. El Farmer Inc.,* supra, pág. 244. (*Énfasis nuestro*).

Además, la descalificación de un abogado no deberá imponerse ligeramente, puesto que, esta afecta aspectos tales como los derechos de las partes y el trámite de los procedimientos. *Íd.* El Tribunal Supremo ha destacado que la descalificación únicamente procederá cuando sea estrictamente necesario, pues se considera un remedio drástico que debe ser evitado si existen medidas menos onerosas que puedan asegurar la integridad del proceso judicial y el trato justo de las partes. *Job Connection Center v. Sups. Econo*, supra, pág. 597; *ORIL v. El Farmer Inc.*, supra, pág. 244.

En la medida en que en el presente caso no están presentes los criterios doctrinarios antes esbozados para que intervengamos con la determinación discrecional del foro primario de denegar la aludida descalificación, declinamos intervenir con la misma.

Por último, en *su tercer señalamiento de error*, la parte apelante sostiene que, erró el Tribunal de Primera Instancia al no relevar de imposición de la fianza en apelación a la parte demandada-apelante, a pesar de esta estar representada por la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico.  Le asiste la razón.

Ahora bien, en la medida en que no hemos requerido la prestación de fianza en apelación, por no ser procedente en derecho, dicho señalamiento de error se tornó en académico. En vista de ello, dicho señalamiento de error, no requiere mayor análisis ni discusión.

**VI**

Por los fundamentos antes expuestos, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones